## Wood *vs.* P. G. Keyes & L. Keyes.

Where the testator, subsequent to the revised statutes, devised his real and personal estate to a trustee, in trust for the use, support and benefit of his daughter, and directed the trustee to manage the estate so as to make it produce the greatest income, and to keep the buildings, &c. in repair, and to apply the income of the real estate and so much of the personal estate as should be necessary from time to time for the support of the daughter, and in case she should die leaving issue, that his trustee should divide all the estate so devised to her among her lawful heirs, in equal proportions ; *Held,* that the remainder in fee in the testator's estate after the death of the daughter, she having died without issue, was an interest in such estate not disposed of by the will.

If real estate has been converted into personalty for the purposes of carrying into effect the will of the testator, and a contingency happens by which an interest in the converted fund is undisposed of by the will, such interest belongs to the heirs at law of the testator, and not to the distributees of his personal estate.

Perley Keyes, by his will made in September, 1833, a few months previous to his death, after giving a legacy of $1000 to his son-in-law and $10 to his son, devised and bequeathed unto W. Wood, his son-in-law, all his real and personal estate, in trust for the use, benefit and support of the testator's daughter Marietta, subject to the several gifts, bequests and provisions contained in the will. And he directed the trustee, who was also appointed the executor, so to husband and manage the estate as to make it yield the greatest profit, keeping the buildings and real estate in good condition from the profits arising from the farm. He further directed the executor and trustee, from time to time to dispose of the personal property, or so much thereof as should not be needed on the farm, and to give to his daughter, from the sale of such property and from the rents and profits of the real estate, such sums as the same should

March 19.

1840.

Wood
v.
Keyes.

yield, or so much as she should reasonably require for her support; it being left discretionary with the executor and trustee as to the amount she should yearly or quarterly receive for her support. And in case his said daughter should die leaving lawful issue, he directed the executor and trustee to divide all his estate, so devised and bequeathed to his daughter, among her lawful heirs in equal portions. And he authorized the executor and trustee to sell and convey the real estate, if necessary to carry into effect the provisions of the will and pay the legacies, but not otherwise.

The testator, at the time of his death, left a widow and a son, the defendants in this suit, and the daughter named in the will, who were his only heirs and the only persons entitled to any portion of his estate under the statute of distributions. The daughter for whose benefit the trust was created was deaf, and nearly destitute of the power of speech, and had been so from the age of five years; and was not of sufficient capacity to manage property with ordinary discretion, but was not wholly deprived of reason so as to be an idiot or a lunatic. A few months after the death of the testator, the daughter intermarried with Gilman Wood, the complainant, and died about a year and a half afterwards, without having had any issue; leaving her mother and brother together with her husband surviving. After her death the executor of her father's will relinquished his trust and was removed by the order of the surrogate, and delivered over all the personal estate and choses in action in his hands to the brother, who was duly appointed administrator *de bonis non* with the will annexed. The complainant thereupon filed his bill in this cause, claiming all the residuary personal estate of the testator which had not been expended in the lifetime of the daughter, as her administrator. The defendants by their answer resisted this claim, but joined with the complainant in asking for a construction of the will, and to have the rights of the parties under the same declared and established.

*B. Bagley,* for the complainant. It was plainly the intention of the testator, Perley Keyes, to devise all his estate to his daughter Marietta. Although on the face of the will the bequest or devise was made to William Wood, as trustee ; yet by the revised statutes, the title vested absolutely in the testator's daughter Marietta. The complainant, as the husband af Marietta, was upon her death entitled to all her choses in action and personal property in his own right, as well as administrator. The devise or bequest, although in terms made to William Wood, the trustee and executor, was by operation of law a devise to the testator's daughter Marietta. (1 *R. S. ch.* 1, *pt.* 2, *tit.* 2, *art.* 2, *Title Of Uses and Trusts. Ellis' ex'r* v. *Patterson,* 11 *Wendell,* 259.) And in case the real estate was by operation of the statutes vested in such daughter, the personal estate was also vested in her. ( *Vide Id. ch.* 4, *tit.* 4 ; *Id. pt.* 2, *ch.* 4, *tit.* 4.) If the property by virtue of the will was vested in the daughter, then the personal estate and choses in action were vested in the complainant upon their intermarriage. ( *Whitiker* v. *Whitiker,* 6 *John. Rep.* 112.)

*John Clark,* for the defendants. The property of the testator did not by the will vest in Marietta, his daughter— but did vest for the time being in the trustee, William Wood—or was suspended in him until the contingency should happen or become impossible, on which the property was finally to vest in the issue of Marietta. (*Patterson* v. *Ellis,* 11 *Wendell,* 258, 266. 1 *R. S.* 728, § 55. *Coster* v. *Lorillard,* 14 *Wendell,* 265. 1 *R. S.* 724, § 22, 23. *Ibid.* 773, § 12.) The will not operating to vest any property in Marietta—she having no vested interest or right—she could transmit nothing to her husband ; who acquires nothing, therefore, by marital right. (1 *R. S.* 729, § 60, 61, 62.) The will creates a valid express trust in the executor William Wood, and vests in him the legal title, he holding it in abeyance, as to its ultimate destination, determined by the daughter's death ; at which time it re-

1840.

Wood
v.
Keyes.

verted or descended to the heirs at law of the testator, the same as if Marietta had never existed. The defendant Perley G. Keyes has the right to the possession of the property as administrator *de bonis non,* and cannot be divested of such possession by chancery. The complainant has an adequate remedy at law.

THE CHANCELLOR. As there is no dispute between the parties as to facts, the only question is as to the rights of the parties under the will. There is no provision in the will disposing of the property in favor of the defendants, in the event of the death of the daughter without issue. It therefore necessarily follows, that if the estate is not devised in fee to the daughter, in the event of her dying without issue, this contingent remainder is an interest in the property not disposed of by the will ; and must be distributed as if the testator had died intestate. In that case the brother takes one half of the undevised interest in the real estate as an heir at law of his father ; and in the other half, his mother takes a life estate, and he takes the remainder in fee, as the heirs at law of Mrs. Wood, who took that half as an heir at law of her father, and not under the will. The widow in that case also is entitled to one third of the remainder in the personal estate, as one of the distributees of the testator, and the son is entitled to another third ; and the complainant, as the personal representative of his wife and the owner of her personal estate, is entitled to the other third of this remainder, to which the wife was entitled as one of the distributees of all her father's personal estate not legally and effectually disposed of by his will. But if the daughter, notwithstanding she died without issue, took the fee in the whole residuary real and personal estate although it was not necessary for her support, then the brother is entitled to the whole real estate, as her heir, after the death of his mother ; who, under the provisions of the revised statutes, as amended in 1830, is entitled to a life estate in the real property of her child who died intestate and without issue. (1 *R. S. 2d ed.* 742,

§ 6.) And in that case the complainant, as the representative of his wife, will be entitled to the whole as the personal estate to which she was entitled under the will of her father. This, as I understand the case, is the claim set up by the complainant in his bill.

Taking into consideration the situation of the daughter at the time of making the will, and comparing it with the language of the will itself, I think it is evident the testator only meant to give the daughter a support out of his property for life, and that he did not intend to give her the estate absolutely in case she died without issue. He contemplated the event of her marriage and having issue, and has provided for that event by securing her a support out of the property during her life, and disposing of the remainder in favor of her issue after her death. So far, it is evident he only intended to give her a life interest in the income of the estate, with power to the trustee to apply a portion of the capital if, in his discretion, he thought it necessary for her support. And the limitation over to her issue is a valid limitation, having reference to the time of her death, under the provisions of the revised statutes. (1 *R. S.* 725, § 28.) But in the event which has happened, of her dying without issue, I think the testator has made no disposition of the property which remained at the time of her death. There is, therefore, a resulting trust in favor of the widow, and those who were the next of kin of the testator at the time of his death, as to the personal estate which remained at the death of the daughter. The decree must declare the rights of the parties accordingly ; and the administrator de bonis non must account for the personal estate in his hands accordingly ; that is, one third thereof to the complainant, after deducting the necessary expenses of administration and the payment of the testator's debts, and one third thereof to the widow.

It is not stated whether any of the funds in the hands of the administrator de bonis non are the proceeds of real estate which had been sold by the executor, under the power contained in the will. Such proceeds, if there are any, are

not a part of the testator's personal estate ; but belong to the defendants, as an interest in the real estate which in equity is not considered as converted into personalty.

If the parties cannot agree upon the distribution of the fund, there must be a reference to take the accounts in the usual manner ; reserving the question of costs, and all other questions and directions, except as to the construction of the will and the rights of the parties under it, until the coming in and confirmation of the master's report. But if the parties settle the accounts without subjecting the estate to the expense of a reference, then the complainant's costs, as well as the costs of the defendants, are to be paid out of the personal estate in the hands of the administrator de bonis non. And the parties will draw up the decree accordingly.