[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 410 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 411 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 412 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 413 
The appellants, who are two grandsons and heirs at law of the testator, and do not share in the distribution of the rents until the final division of the estate, claim that the executors take a trust term under the will, and then that such term is void, and consequently that the testator died intestate as to the rents, and that they must therefore be divided equally among the heirs at law, instead of being divided among the four children as directed in the will.
If there is no trust term created by the will, then this chain of consequence falls to pieces, and the clearly expressed intent of the testator, is not defeated by its violation of any rule of the law.
In my opinion, the will does not create a trust term in the executors. It certainly does not by express words. Then do the purposes of the will require the legal estate to be vested in the executors, or, in other words, does the will give any directions to them, which cannot be complied with, or enjoin upon them any duty, which cannot be performed without their being invested with the legal title? After a careful examination of the will, I see no direction given to the executors, or duty enjoined upon them, or purpose to be accomplished by such direction, or duty, which cannot be fully met and effected under a power. (1 R.S. 732, § 74; Ib. 735, § 106.) *Page 414 
In the case of Brewster v. Striker, (2 Comst. 20,) and which the counsel for the appellants supposes controls the present case, the provisions of the will not only showed, in the opinion of the court, that the testator intended to give "the entire and exclusive possession, charge and management "of the real estate" to the executors; but by the clause, that "the said real estate shall not at any time hereafter be "sold or aliened, but by my said executors and the survivor "of them," also intended, "to withhold from the grandchildren "the power of sale, and thus prevent the alienation of the "estate, or any incumbrance thereon, until the inheritance "should finally vest in fee simple absolute under the limitations "in the will;" and this could not be accomplished, unless the title vested in the executors. Hence there was in that case, a necessity for holding, that a trust term vested by implication in the executors, which does not exist in this case. In that case too, the implication accorded with, and effectuated the intention of the testator; but if it prevails in this one, it defeats such intention. Without however adverting to other grounds, I am satisfied, that on the one already stated, the judgment of the supreme court should be affirmed; but without cost, to either party as against the other.
Judges GARDINER, JEWETT, McCOUN, and PAIGE, concurred.