MARY E. JOHNSON, Appellant, *v.* JAMES BRASINGTON and Others, Respondents.

*Will — intention of the testator — technical language — use of word "heirs" — kin of the testator preferred — remainder limited to the heirs of a life tenant.*

A clause in the will of a testator must be construed according to the testator's intention, irrespective of any other consideration, if such intention can be ascertained after examining the will, the testator's surroundings and the objects which it may be inferred from these that he sought to attain.

The ascertainment of his intention is not a matter of speculation or arbitrary conjecture, but must be arrived at through due regard to established rules by which particular words and expressions standing unexplained have obtained a definite meaning. If, however, it appears that particular words or expressions which have obtained a definite meaning in the law are used in a different sense, and were intended to convey a different meaning from that recognized by the

law, such intention must prevail notwithstanding the legal interpretation which these words had previously received.

The word "heirs" has a well-known technical meaning and is to be understood in its legal sense, unless, from the contents of the will, it plainly appears that the testator intended to use it in a different sense.

When a testator uses only technical phrases the court is bound to understand them as such, because the court cannot say that the testator did not know their meaning. But if the testator uses other expressions which shows that he did not intend to use such phrases technically, then his intention must prevail.

When the word "heirs" is used, not to denote succession, but to describe legatees or devisees, and there is no context to explain it otherwise, there is no reason to depart from the natural and ordinary sense of the word.

If there be two equally probable interpretations of a last will and testament, that one is to be adopted which prefers the kin of the testator to strangers.

In the construction of a will words may be enlarged or restricted as may best comport with the intention of the testator.

Where a remainder is limited to the heirs of a person to whom a life estate is given, the persons who, on the termination of the life estate, are the heirs, take as purchasers by virtue of the remainder so limited to them.

A testator by his last will and testament devised all his real estate to his wife during the term of her natural life, and after her death he devised said real property to his son Stephen for and during the term of his natural life, and at the decease of his son he directed that said real estate should be equally divided among the *children or heirs* of his said son Stephen, in equal shares, they to have the same in fee.

The wife mentioned in the will of the testator was his second wife, his first wife having died some twenty years prior. His son Stephen was his only heir at law and at the time of the death of the testator was unmarried.

The testator's second wife survived him for a period of five years, and his son died, never having had wife or child.

*Held,* that the clause "children or heirs" should not be construed as meaning that, if the testator's son should have no children, the fee of said real estate should go to the general heirs of such son;

That the testator employed the word "heirs" in its ordinary and common acceptation, as meaning children, issue, heirs of the body or lineal descendants, and not in its technical or legal sense, and that the fee of said property descended to the persons who were the heirs of the testator at the time of his decease, and not to the heirs of his son.

Appeal by the plaintiff, Mary E. Johnson, from an interlocutory and a final judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Niagara on the 30th day of October, 1894, upon the decision of the court rendered at the Niagara Special Term, sustaining the demurrer of certain defendants to the complaint, dismissing the plaintiff's complaint and directing the cancellation of a lis pendens.

*Henry M. Davis,* for the appellant.

*Artemus A. Bradley,* for the respondents.

Present — DWIGHT, P. J., LEWIS and BRADLEY, JJ.

Judgment affirmed on opinion of GREEN, J., at Special Term.

The opinion at Special Term was as follows :
GREEN, J. :

February 27, 1874, Samuel Brasington died in the town of Porter in the county of Niagara, leaving a last will and testament made on the day previous, which will was duly admitted to probate in said county. He left him surviving Betsey Brasington, his second wife, and Stephen L. Brasington, a son by his wife Cassandra Knapp Brasington. His first wife died in the month of July, 1854, nearly twenty years before the execution of said will. To his second wife, Betsey, he gives and bequeaths all of the personal property of every name, nature and kind absolutely, and also all of his real estate of every name, nature and kind for and during the full term of her natural life, to be used by her as she thinks best and for her comfort, to do with the avails of the same as she pleases. After her death he gives and devises the said real estate to his son Stephen, to have the same for and during the full term of his natural life, then at the decease of his said son, he directs that it is to be equally divided among the children or heirs of said Stephen L. Brasington in equal shares, share and share alike, they to have the same forever in fee simple. His second wife, Betsey, survived the said Stephen L. Brasington for a period of about five years, and the said Stephen L. Brasington died never having had wife or child, and leaving no brother or sister, or any descendant of any brother or sister him surviving.

The plaintiff in this action and her brothers and sisters are the children of the deceased sister of the first wife of Samuel Brasington. This plaintiff brings this action in partition, claiming to own an interest in the said property as an heir of Stephen L. Brasington.

The question is, whether the word "heirs" is to be taken in its primary or technical sense, or in a restricted or secondary sense as meaning heirs of the body, issue or lineal descendants.

The clause in question must be construed according to the testator's intention irrespective of any other consideration, if such intention can be ascertained, after examining the will of the testator, his surroundings, and the object which, from these, we may infer he sought to attain. The ascertainment of this intention is not a matter of speculation or arbitrary conjecture, but must be arrived at, having due regard to established rules by which particular words and expressions standing unexplained have obtained a definite meaning. If, however, it appears that particular words or expressions which have obtained a definite meaning in the law are used in a different sense, and were intended to convey a different meaning, such intention must prevail notwithstanding the interpretation which these words had previously received. Hence, as no two wills are ever exactly alike, and as the circumstances which surround each testator vary, adjudications upon the construction of other wills have little weight except so far as they illustrate the general laws governing the construction of such instruments. (*Drake* v. *Drake*, 56 Hun, 595.)

The word "heirs" has a well-known technical meaning, and is to be understood in its legal sense, unless, from the contents of the will, it plainly appears that the testator intended to use it in a different sense ; and when the testator uses only technical phrases the court is bound to understand them as such, because the court cannot say that he did not know their meaning. But if the testator uses other expressions, which shows he did not mean to use those phrases technically, then the intention must prevail. And when the word "heirs" is used, not to denote succession, but to describe legatees or devisees, and there is no context to explain it otherwise, there seems to be no reason to depart from the natural and ordinary sense of the word. (*Wallace* v. *Minor*, 86 Va. 555.)

If there be two equally probable interpretations of the will, that one is to be adopted which prefers the kin of the testator to strangers. (*Quinn* v. *Hardenbrook*, 54 N. Y. 86.)

Words may be enlarged or restricted as may best comport with the evident intention and purpose of the testator. (*Matter of Logan*, 131 N. Y. 460.)

"While technical words in a will, when uncontrolled by the context, are presumed to have been used in their technical sense, still the context may overcome the presumption when it appears thereby,

and from extraneous facts of the kind already alluded to, that the testator used the words in their common and popular sense." (*Lawton* v. *Corlies*, 127 N. Y. 105.)

"Each judgment stands upon the construction or interpretation due to the words under examination, as they are looked at in the light of circumstances surrounding the parties to the instrument, and the situation of persons intended to be benefited." (*Greenwood* v. *Holbrook*, 111 N. Y. 469.)

In *Hard* v. *Ashley* (117 N. Y. 606–614) there was a devise to Z. for life, remainder to her children. By a codicil this was revoked, and the testator gave to Z. "and her heirs" a legacy "in lieu and instead of said bequest."

Held, that the testator used the word "heirs" in the codicil as the equivalent of "children" in the will.

In *Drake* v. *Lawrence* (19 Hun, 112) the devise was to the daughter for her life, the remainder "to her children and lawful heirs." At the death of the testatrix the daughter had children, all of whom died before her, unmarried and intestate. It was held that the children of the daughter took vested remainders, which, upon their death, passed to the mother.

The court said that the words "and lawful heirs" were added "simply as another designation of the persons who were to take the remainder in the property. The testatrix through them referred to the same persons who had been previously mentioned; who were the children of her daughter, and those children she designated as her daughter's lawful heirs. * * * She gave the remainder absolutely to the children of Mary M. Keese, who were also designed to be designated by her as the lawful heirs of their mother. * * *

"As the remainder was given to these children in terms, it was not a devise which was limited to the heirs, or the heirs of the body, of the person to whom the life estate was given."

Where a life estate was given to the daughter, and, in case she should die leaving issue, then the property to be divided among her lawful heirs, and the daughter died without leaving issue, held, that the remainder in fee was not disposed of by will. (*Wood* v. *Keyes*, 8 Paige, 365.)

In *Scott* v. *Guernsey* (48 N. Y. 122) the court said: "The testator has used the word 'heirs' in the sense of 'children.'"

In *Kiah* v. *Grenier* (1 T. & C.. 388, 392) the word "heirs" was construed to mean heirs of the body.

In *Bundy* v. *Bundy* (38 N. Y. 410–421) the words "die without heirs" were held to mean heirs of the body or lineal descendants; that the presumption is that the testator used the word in a general sense, meaning lineal and collateral heirs, unless it appears from the will and the extrinsic fact known to the testator that it was used by him in the restricted sense, as including lineal heirs only.

In order to entitle the plaintiff to recover in this action, we must hold that the testator intended simply by the use of the words " or heirs" to devise the remainder in fee to his own kindred and the relatives of his first wife, in case his son Stephen should have no issue, although there is no expression in the will of any such intention. To give such a construction to those words would be, we believe, to impute to the testator an intention he never entertained. If such was his intention, it is a very reasonable supposition that he would have given some expression to it in words by providing in express terms that in case the son should have no children or issue, then the remainder should go over to others. But the testator here failed to make any such provision. It would be a stretch of language to construe the clause "children or heirs" as meaning that if Stephen should have no children, then the fee should go to his, Stephen's, heirs generally. It is evident that the testator employed the word "heirs" in its ordinary or common acceptation as meaning children, issue, heirs of the body or lineal descendants, and not in its technical or legal sense. It is limited in scope and meaning by the word "children," and must be taken in the special or secondary sense of issue, heirs of the body, etc.

The words "or heirs" were not used in the will to denote substitution or succession, but merely as designating the heirs of his body as devisees (as purchasers), and should not, therefore, be taken in their primary legal sense, when it appears from the context that the testator used them in a different sense; for an intention actually expressed or to be gathered from the terms of the will must prevail over the technical meaning of the words. The testator evidently used the words in a colloquial and not a technical sense, as meaning heirs of the body of Stephen.

The testator contemplated the event of Stephen marrying and

having issue, and to provide for such an event he carves out a life estate for Stephen and devises the fee to his children or heirs, but stops there, and makes no provision for disposition of the fee in case the expected event should not happen.

The fee was not given to Stephen, because the testator hoped or expected that he would marry and have children, and he wished to secure the property to them; but he has failed to evince any intention to devise the fee to the heirs generally of Stephen upon his death without issue. It should be particularly observed that the persons entitled to the remainder, if entitled at all, must take as purchasers, that is, by direct devise from the testator himself, and not by way of succession or inheritance from Stephen, for he was only given a life estate, and the fee was devised to his children or heirs. "Where a remainder shall be limited to the heirs or heirs of the body of a person to whom a life estate in the same premises shall be given, the persons who, on the termination of the life estate, shall be the heirs, or heirs of the body of such tenant for life, shall be entitled to take as purchasers by virtue of the remainder so limited to them." (1 R. S. 725, § 28; *Knight* v. *Weatherwax*, 7 Paige, 182.)

Consequently we must assume, in support of plaintiff's title, that it was the intention of the testator at the time he made this will to devise the fee to the collateral relatives or kindred of his first wife, as well as to his own kindred, in case his son should have no children born to him; for if the word "heirs" is to be taken in its primary legal sense, it would include them all. To hold that such was the testator's intention, to deprive his own heirs of the whole or a portion of his estate, and to give it to strangers in blood without any expressions indicative of such purpose, would be in violation of well-settled rules of construction and contrary to the will of the testator.

There is nothing in the will indicating that the testator intended that his first wife's relatives should have any part of his estate by virtue of the terms of the will, or even his own brother or kindred. Such an intention cannot be inferred from the clause "children or heirs."

The reports are full of instances where the word "heirs" has been construed to mean "children," heirs of the body, issue and descendants. When that word is connected with the word "chil-

dren," it is clearly evinced that it was used by a testator in its popular, common or ordinary sense and meaning, as issue, etc., and not in its broad, general, comprehensive, legal or technical sense, as heirs generally, and especially so when we consider the surrounding facts and circumstances, the particular relationship of the testator to the parties to this action, the fact that his first wife died twenty years before the making of the will, and that neither she nor her relatives were mentioned in the will.

It is difficult to draw any substantial distinction between a devise to "children and heirs" and a devise to "children or heirs" of a life tenant, and to hold that in the one case the word "heirs" is but another designation for "children or issue," whilst in the other it means heirs generally, such a distinction would be more fanciful than real. However, there are many instances where the word "or" has been construed "and," and there is ample warrant for substituting the one for the other in this case in order to effectuate the intention of the testator and to accomplish the purpose he had in view.

The fee descended to the persons who were the heirs of the testator at the time of his decease, and the heirs of Stephen take nothing. It follows that the plaintiff has no title, and the demurrer must be sustained, with costs to the defendants.