Meyer v. Rusterholtz.

---

MEYER ET AL. *v.* RUSTERHOLTZ, EXECUTOR.

[No. 2,978. Filed January 2, 1900.]

WILLS.—*Construction.*—*Introductory Clause.*—An expression in the introductory clause of a will of the purpose of the testator to dispose of all real and personal property that he might own at the time of his death, does not in itself dispose of any property, but may be found useful in resolving doubts, if any exist which may be so resolved, in particular dispositive clauses. *p. 571.*

SAME.—*Description of Property.*—*Intention of Testator.*—*Partial Intestacy.*—A testator in the introductory clause of his will expressed his purpose to dispose of all his property, real and personal. In the first clause he gave all his personal property "consisting of household goods" to his stepdaughter and her children. By the second clause all his real estate "including tools" was to be sold and the proceeds given to his nephew and his wife and children. No mention was made in the will of a certain note and money which he owned at the time of his death. *Held,* that the note and money were left undisposed of. *pp. 570-573.*

From the Fayette Circuit Court. *Affirmed.*

*G. C. Florea* and *L. L. Broaddus,* for appellants.

*J. M. McIntosh,* for appellee.

BLACK, J.—The appellee, as executor of the will of Kasimer Fuchs, deceased, presented to the court below his report in partial settlement of his trust, which was approved. Some months afterward, he presented his report in final settlement. The appellants, Margaret Meyer, Lizzie Meyer and

Josie Meyer, then appeared and filed their exceptions to both of said reports. The appellee demurred to the exceptions for want of sufficient facts, and the court sustained the demurrer, and the appellants refusing to plead further, the court adjudged that they take nothing on account of their exceptions. Thereupon the court proceeded to the final settlement and the discharge of the appellee.

The appellants have assigned that the court erred in sustaining the demurrer to their exceptions, and also in rendering judgment that they take nothing on account of their exceptions.

The only question discussed before us relates to the construction of the will of the appellee's testator, the court below having adopted the view taken by the executor, to the effect that the appellants were entitled under the will to the testator's household goods, and nothing more, while the appellants contended, and still insist, that they were also entitled to certain money owned by the testator and to the proceeds of a certain promissory note held by him, said money and note being parts of his personal estate.

The will, as set forth in the exceptions filed, is as follows: "Last will of Kasimer Fuchs. I, the undersigned Kasimer Fuchs, a resident of the city of Connersville, county of Fayette, State of Indiana, do hereby declare that after my death all my real estate and personal property shall be disposed of as follows: (1) I bequeath all my personal property consisting of household goods to my stepdaughter Mrs. Margaret Meyer and her children Lizzie and Josie. (2.) All my real estate, consisting of house and lot, with adjoining buildings (including my tools), on Grand avenue, No. 124-127, shall be sold by my executor (appointed below) to the most bidding person, and the money received therefrom shall be disposed of as follows: (a) All funeral expenses shall be paid in full from said money (medical services included). (b) The person attending on my sick bed shall receive from said money the sum of $75, as reward for faith-

ful accomplished services.   Said claim (b) shall be null and void in case of my sudden death from accident or disease. (c) The executor (appointed below) shall pay from said money the expenses caused by sale of said real estate, and shall receive, as a special reward for prompt and faithful execution of my last will, the sum of twenty-five ($25) from said money.   (d)   All the remainder of said money shall be forwarded as lawful inheritance to my nephew Kasimer Steidle, his wife and children, living in Burgan, county Schinben and Neisberg, Bavaria, Germany," etc.   The remainder of the will contains no matter relating to the disposition of the property or modifying the provisions above set out.

In their exceptions, the appellants showed, amongst other matters, their connection with the testator, and facts which, at least in the absence of other possible facts not stated, might be regarded as tending to prove that the testator would probably be disposed to favor them in his will in preference to his heirs at law residing in a foreign country.

In seeking for the intention of the testator, which so far as it can be found must control, we are to consider the particular clause in connection with all the other parts of the will.

Besides the general requirement that construction of the will should lean away from conclusions involving partial intestacy, there is in the introductory clause an expression of the purpose of the testator through the will to dispose of all the real and personal property that he might own at the time of his death.   This expression of the general purpose of the testator does not itself dispose of any property, but may be found useful in resolving doubts, if any exist, which may be so resolved, in particular dispositive clauses.   In the absence of terms apparently used in a technical sense, we must interpret the language as being used in its ordinary meaning.

We do not find in the will any particular mention of the money and the note shown by the executor's reports and

stated in the exceptions to be a part of the testator's personal property; and the only particular kinds of personal property mentioned in the will are the household goods disposed of by the first clause, and the tools disposed of by the second clause. These two different species of personal property were given to different groups of persons. It clearly was not the testator's intention to give all the personal property of every kind to the appellants. The will does not disclose an intention of the testator to give anything to Kasimer Steidle and his family, except the residue of the proceeds of the real estate and the tools. Unless, then, it can be said that the first clause gives the residue of the personal property not particularly specified to the appellants, we are driven to hold that as to it the decedent was intestate, and he left it to go as the law sends it in the absence of a bequest.

We can not say that there is any patent ambiguity in the first clause. If there were any provision which upon the face of the will remained so incorrigible that it could not be construed without the aid of extraneous facts, the provision would be void. But there is nothing which would require or permit us to say that the first clause does not dispose of the household goods to the appellants.

There is no latent ambiguity such as occurs where there is in fact more than one subject or object answering the description in the will; but it is claimed, in effect, that, viewed in the light of extraneous facts, the first clause should be regarded as an expression of the intention to give to the appellants the personal property, including the household goods and the money on hand and the proceeds of the note, and that the words "consisting of," etc., should be treated merely as a misdescription of what the testator by this clause gave to the appellants.

The first clause is adapted by its terms to the disposal of the particular species of the testator's personal property which was made up of his household goods, which it appears as a matter of fact he possessed, and to hold that it also dis-

posed of other entirely different kinds of personal property would be adding materially to the expressed intention, especially where it appears that still another species of personal property is disposed of not to the appellants by a subsequent clause of the will. It is not for the court to make the will in part, however strong the claims of some of the beneficiaries to a larger bounty may seem to be, and although it may be clear that without such action of the court the apparent intention of the testator to dispose of all his property by the will must fail. The law will take care of all that he has left undisposed of in his will.

The case is not parallel with such cases as *Cleveland* v. *Spilman*, 25 Ind. 95, where a testator being the owner of the south half of the north*west* quarter of a certain section of land devised "my *land*, being the south half of the north*east* quarter," etc., or *Martin* v. *Smith*, 124 Mass. 111, where the testator being seized and possessed of two lots of land, situated one on the north side of a certain street and the other on the south side, devised "all the real estate I may die possessed of to" etc., "which property is situate on the north side of said street." In such cases the error in description is manifestly an error in particularly describing the whole of what is included in the preceding general description; and there is not in such cases, as there is in this, a mere limitation of the general description to a particular species of property, being one of numerous kinds of property to which the preceding general terms are alike applicable.

The judgment is affirmed.