## KNICKERBOCKER TRUST CO. v. KING et al.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

1. WILLS—PARTIAL INTESTACY—EFFECT.

    A testator gave all his property to his executors in trust, and directed the conversion of his entire estate into cash, and the investment of the proceeds in bonds and mortgages. The income from $10,000 thereof was to be expended for the maintenance and education of his daughter. The balance of the income was to be paid to his widow until the daughter should at-

tain her majority. If the widow died before that time, the balance of income was to be invested for the daughter's benefit, and paid to her when she should attain her majority. In case the daughter should die before her mother, the mother was to receive the entire income during her life, and, at her death, it was to revert to the estate. The only provision with respect to the disposition of the principal of the trust fund was a clause giving it to the children of the daughter of testator should she have any, to be paid to them after the death of the widow and daughter. Testator left surviving him his widow, daughter, and a brother. The daughter died unmarried and without issue before the widow. *Held*, that the fund, being not effectively bequeathed, descended as intestate property.

2. SAME.

As testator's daughter had no issue at his death, he died intestate as to the remainder in the fund, but it would have vested in the daughter's issue upon birth had she had any.

3. WILLS—PARTIAL INTESTACY—INTENT OF TESTATOR.

If property is not effectively bequeathed in a will it becomes intestate property, regardless of the testator's intent concerning it, which is only important in determining the validity of the will and the construction of those provisions under which property is effectually devised or bequeathed.

4. SAME—PERSONS ENTITLED.

If the balance of the principal of the trust fund be the proceeds in whole or in part of real property, the proceeds of the real property should go to the daughter's administratrix, since, on the assumption that testator died intestate with respect thereto probably, it should for the purposes of descent after the termination of the trust be regarded as realty, and with the widow, who had merely a life interest, dead, the daughter would take all, it being vested in her at testator's death subject to her mother's dower, and to the execution of the trust declared in the will.

5. SAME.

With respect to the personalty, one-third would vest in the mother under the statute of distributions and two-thirds in the daughter, subject to be divested by issue born to the daughter and surviving her and to the execution of the trust which related to a life use, and not to the corpus of the estate, and, since the daughter died unmarried and without issue before her mother, the latter would take all her property provided she died intestate.

6. SUBMISSION OF CONTROVERSY—CONSTRUCTION OF STATEMENT OF CASE—INTESTACY.

Where a submission of a controversy does not expressly show that a person died intestate, but it appears that an administratrix of her estate was appointed, it will be presumed that there was no will.

7. SAME.

On submission of a controversy involving the rights of persons to a trust fund created by will consisting of personal property, where there is no evidence that any of it is the proceeds of real estate of the testator, and the trustee assumes that the submission is sufficient to authorize the court to decree the distribution of the fund, it will be assumed that the fund is the proceeds of personal property.

Submission of controversy pursuant to Code Civ. Proc. §§ 1279–1281, between the Knickerbocker Trust Company, as substituted trustee, etc., and Lucye M. P. King and others. Judgment for Lucye M. P. King.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

111 N.Y.S.—13

Julien T. Davies, Jr., for plaintiff.

Brainard Tolles (Nicholas Danforth, on the brief), for defendant King.

Leavitt J. Hunt, for defendant Wm. H. A. Sheldon.

LAUGHLIN, J. The plaintiff is the substituted trustee of a trust created under the last will and testament of William Henry Sheldon, deceased, which terminated by the death of Maria Antoinette Sheldon, the widow of the decedent, on the 11th day of February, 1907. Plaintiff thereafter duly filed a final account, which has been approved by all parties in interest, and it holds a balance of the principal of the trust fund to which conflicting claims are made by the defendant William H. A. Sheldon, who is a grandnephew of the testator, and by the defendant Lucye M. P. King, individually as next of kin of the widow and as administratrix of the estate of the widow of the testator and of his daughter, Jane Maria. After making certain specific legacies, the testator gave to his executors all of the rest of his estate in trust for certain purposes therein mentioned, which will be stated presently. He directed them to convert his estate into cash and to invest the proceeds in bonds and mortgages, and to expend the income arising from $10,000 thereof for the maintenance and education of his daughter, and to pay the balance of the income to his widow until his daughter should attain her majority, and, in the event of the death of his widow before the daughter should attain her majority, he directed that such balance of income should be invested for the benefit of the daughter and paid to her when she became 21 years of age. In the event that his widow should be living when his daughter became of age, he directed the payment of one-half of the entire income of the trust fund to each of them during the life of the widow, and, upon her death, that the whole of such income be paid to the daughter during her life. He also expressly provided that, in case his daughter should die before her mother, then the mother should receive the entire income during her life, "and at her death such income shall revert to the estate." The only provision contained in the will with respect to the disposition of the principal of the trust fund is a clause giving the same to the children of the daughter of the testator "should she have any to be paid to them after the death of my said daughter and of my wife." The testator died in the month of December, 1855, being then a resident of the county of New York. His will was duly admitted to probate on the 15th day of January, 1856. He left him surviving his widow and daughter and a brother. The daughter died in the month of May, 1867, unmarried and without issue. The brother died in the month of April, 1861, leaving one son as his only next of kin, who died on the 9th day of January, 1875, leaving a son, the defendant William H. A. Sheldon, as his only next of kin. The widow of the testator remarried, and left her surviving a daughter, the defendant Lucye M. P. King, as her sole next of kin. At the time of the death of the widow of the testator, his grandnephew, the defendant Sheldon, was his only surviving next of kin, and he claims the balance of the

trust fund as such next of kin, upon the theory that title thereto vested in him on the death of the widow of the testator.

His claim is not made under the will, for by the will he takes nothing. There can be no doubt that the fund descends as intestate property, for it was not effectually bequeathed by the will. It never could have been vested in any one under the bequest contained in the will because there was never issue of the daughter of the testator in whom it could vest. Inasmuch as the daughter of the testator had no issue at the time of his death, we are of opinion that the testator died intestate as to the remainder, but such remainder would have vested in the issue of the daughter upon the birth of such issue, which event never occurred. Clark v. Cammann, 160 N. Y. 315–329, 54 N. E. 709; Farmers' Loan & Trust Co. v. Ferris, 67 App. Div. 1–11, 73 N. Y. Supp. 475. There was no residuary clause under which this fund could pass as a lapsed legacy, and by reason of the ineffectual bequest it became intestate property. Lefevre v. Lefevre, 59 N. Y. 434; Howland v. Clendenin, 134 N. Y. 305, 31 N. E. 977; Wood v. Keyes, 8 Paige, Ch. 364. It is urged in behalf of defendant Sheldon that the provisions of the will show that the testator intended that, in the default of issue of his daughter, his next of kin living at the time of the termination of the trust should take. There is no provision of the will indicating such intention; and, if there were, if the fund in question was not effectually bequeathed by the will, it becomes intestate property and passes under the statute of descent or distribution without regard to his intent concerning it. His intent is only important in determining the validity of the will or any provision thereof, and the construction of those provisions under which property is effectually devised or bequeathed. See Tucker v. Tucker, 5 N. Y. 408–418; Van Hostrand et al. v. Moore et al., 52 N. Y. 12. It would doubtless have been competent for the testator to have given the property to his executors in trust during these two lives and to have bequeathed it to his next of kin then living in which case the next of kin would have taken under the will; but that is not the case here.

The next of kin of the testator at the time of his death entitled to take under the statute of distributions with respect to intestate property were his widow and his daughter. The submission does not show the nature of the property left by the testator. That, however, is immaterial to the determination of the claim of the defendant Sheldon; for, if the testator died intestate, leaving real property, it would have descended to his daughter subject to the dower right of his widow, and the brother of the testator, who was the grandfather of the defendant Sheldon, would not have taken any interest therein. If the balance of the principal of the trust fund be the proceeds in whole or in part of real property left by the testator, it would seem that, in so far as the balance is the proceeds of real property, it should go to the administratrix of the daughter of the testator; for, on the assumption that the testator died intestate with respect thereto probably, it should, for the purposes of descent, after the termination of the trust, be regarded as realty, and, with the widow of the testator who had merely a life interest dead, the daughter would take all. In other

words, it being vested at the death of the testator in the daughter, subject to the dower interest of her mother, and such interest of both mother and daughter being subject to the trust contained in the will, which would necessarily last until the death of the mother and therefore until the expiration of her dower interest, the entire fund, so far as representing the realty, would vest in the daughter. No dower interest survived the widow, and upon no theory can any part of this fund be considered as representing such ·dower. With respect to the personalty the rule would be different, for one-third would vest in the mother under the statute of distributions and two-thirds in the daughter, subject to be divested by issue being born to the daughter and surviving her and to the execution of the trust which related to a life use and not to the corpus of the estate. Since, however, the daughter left no husband or issue her surviving, her mother would take all of her property, both real and personal, provided she died intestate. The submission does not expressly show that the daughter died intestate, but it appears that her stepsister, the defendant King, was appointed administratrix of her estate, which would indicate that there was no will. The daughter died in 1867, but her administratrix was not appointed until the 27th day of May, 1907. The interest of the daughter of the testator in the fund should be paid to her administratrix and the interest of the widow of the testator should be paid to her administratrix. Inasmuch as this fund is now personal property, and there is no evidence that any of it is the proceeds of real estate of the testator, and the daughter of the testator's widow by a subsequent marriage, who will ultimately take the surplus for distribution, represents both estates as administratrix, and inasmuch as the trust company has assumed that the submission is sufficient to authorize the court to decree the distribution of the fund, we shall assume that the fund is the proceeds of personal property. On that theory the defendant King, as administratrix of her mother, is entitled to one-third of the fund, and as administratrix of her stepsister to the other two-thirds.

Judgment is therefore ordered in favor of the defendant King, as administratrix of the estate of Marie Antoinette Sheldon, deceased, for one-third of the fund, and in favor of the defendant King as administratrix of the estate of Jane Maria Sheldon, deceased, for two-thirds of the fund, with costs. All concur.