In the Matter of the Accounting of SECURITY TRUST
   COMPANY OF ROCHESTER, as Executor of JAMES G.
   ARDREY, Deceased.

JAMES R. ARDREY et al., Appellants; IDA C. ARDREY,
                    Respondent.

**Will — gift by testator to his wife of use of apartment house
for a residence and to have the income thereof for her life —
provisions of will examined and held that management of
apartment house including collection of rents and maintenance
of house was confided to the executor, the surplus of the
income to be paid to testator's wife.**

Testator gave to his wife the use of an apartment house, " to have
the use of the same for a residence, and also to have the use of all
income therefrom as long as she lives; she also to have the income
from any of the rest or residue of my estate, whether real or personal,
all subject, however, to the retention of a sufficient amount by those
in charge of my estate to keep any of the improvements upon the
real estate in good condition and to take care of the necessary taxes,
insurance, or special improvements which might at any time be
assessed against the same," with remainder to his sons. *Held*, that
it is not controlling that the will does not in so many words declare
the existence of a trust. The intention to create a trust will be
implied if it can be fairly collected from the instrument. *Held, also,*
that management of the apartment house, including the collection of
the rents, is by implication confided to the executor, who from the
entire income of the estate is to meet the cost of maintenance, and
pay the surplus to the wife.
   *Matter of Security Trust Co.*, 196 App. Div. 918, reversed.

(Argued October 4, 1921; decided November 22, 1921.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the fourth judicial
department, entered March 16, 1921, which unanimously
affirmed a decree of the Monroe County Surrogate's
Court construing the will and settling the accounts of the
executors of James G. Ardrey, deceased.

*Eugene Van Voorhis* for appellants.

*George S. Van Schaick* for respondent.

CARDOZO, J.   This appeal brings here for construction the will of James G. Ardrey.   The first subdivision provides for the payment of debts and the erection of a tombstone.   The second gives a legacy of $1,000 to each of three sons.   The third, which has provoked this controversy, makes provision for the wife as follows: " To my beloved wife, Ida Caroline Ardrey, I give the use of the home place at Rochester, New York, No. 18 Ormond Street, she to have the use of the same for a residence, and also to have the use of all income therefrom as long as she lives, she also to have the income from any of the rest or residue of my estate, whether real or personal, all subject, however, to the retention of a sufficient amount by those in charge of my estate to keep any of the improvements upon the real estate in good condition and to take care of the necessary taxes, insurance, or special improvements which might at any time be assessed against the same."   A fourth subdivision gives the furniture and library to the wife; a fifth provides that at her death " the remaining portion " of the estate " both real and personal that may be left," shall go to the sons, with substitution, in certain contingencies, of their issue; and a sixth appoints a trust company executor.

The building No. 18 Ormond street, Rochester, is an apartment house, one apartment being occupied by the wife, and the others leased to tenants.   The rest of the estate is personalty with a value at the time of the decree of about $7,000.   The courts below have held that the management of the apartment house, including the collection of the rents, is confided exclusively to the wife, and that improvements, repairs, taxes and assessments must be paid by the executor out of the principal of the personalty without contribution out of its income or out of the rents and profits of the land.   If that is

true, the exhaustion of the fund will not be long postponed. The appellants maintain that management of the apartment house, including the collection of the rents, is by implication confided to the executor, who from the entire income of the estate is to meet the cost of maintenance and pay the surplus to the wife.

We think the latter construction gives effect to the testator's meaning. It is of no controlling significance that the will does not in so many words declare the existence of a trust. A trust will be implied if the intention to create one " can be fairly collected from the instrument " (*Morse* v. *Morse*, 85 N. Y. 53, 60; *Robert* v. *Corning*, 89 N. Y. 225, 237). Here the gift of income is coupled with a proviso. It is " all subject " to retention by the executor of the moneys necessary for upkeep. The direction to retain presupposes the power to manage and collect (*Tucker* v. *Tucker*, 5 N. Y. 408; *Ward* v. *Ward*, 105 N. Y. 68, 73; *Putnam* v. *Lincoln Safe Deposit Co.*, 191 N. Y. 166, 182). Whether the trustee takes by implication a power in trust (*Tucker* v. *Tucker, supra; Post* v. *Hover*, 33 N. Y. 593, 599), or an estate (*Tobias* v. *Ketchum*, 32 N. Y. 319, 330; *Vernon* v. *Vernon*, 53 N. Y. 351, 359; *Robert* v. *Corning, supra*), we need not now determine. Distribution in either view is subject to the same restrictions. Resort may be had to principal for the discharge of those expenses which are for the benefit of principal, as, *e. g.*, permanent improvements and extraordinary assessments, but not for the payment of taxes or insurance or every-day repairs (*Matter of Albertson*, 113 N. Y. 434, 439; *Stevens* v. *Melcher*, 152 N. Y. 551, 565).

The order of the Appellate Division, and the decree of the Surrogate's Court should be reversed, and a rehearing ordered, with costs to the appellants payable out of the estate.

HISCOCK, Ch. J., HOGAN, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.