In the Matter of the Petition of GEORGE E. THOMAS, a Residuary Legatee under the Last Will and Testament of EUGENE VON KLEIST, Deceased, for a Determination as to the Construction or Effect of the Disposition of Personal Property Contained in the Last Will and Testament of EUGENE VON KLEIST, Deceased.*

GEORGE E. THOMAS and Others, Appellants; DOW VROMAN, Respondent.

Fourth Department, March 14, 1934.

*William C. Carroll* [*Everette H. Hunt* with him on the brief], for George E. Thomas, appellant.

*Glen R. Bedenkapp*, special guardian for Raymond Thomas, appellant.

*Ellsworth Storrs*, special guardian for August von Kleist, Jr., and Robert von Kleist, appellants.

*Dow Vroman*, for the respondent.

* Modfg. 147 Misc. 416.

TAYLOR, J. Eugene von Kleist died July 28, 1913, leaving a last will and testament which was admitted to probate by the surrogate of Niagara county. The estate consisted entirely of personal property. An attorney at law drew the will and was named in it as sole executor. Letters testamentary were issued to him September 3, 1913, and he has ever since acted and is now acting as executor.

The testator left him surviving his widow, Charlotte M. L. von Kleist, who died August 12, 1916, and three children, his sole heirs at law and next of kin, to wit, August von Kleist, Charlotte von Kleist and Martha Thomas, all of whom are now living. The children of August are Eugene, Martha, August, Jr., and Robert von Kleist. The sole child of Charlotte is a daughter, Maria Brok. The children of Martha are the petitioner, George E. Thomas, and Charlotte Thomas, Dorothy Lord and Raymond Thomas. These grandchildren of the testator are of full age except August von Kleist, Jr., Robert von Kleist and Raymond Thomas, who appear herein by special guardians.

This proceeding was brought for a construction of the fourth paragraph of the will. The learned surrogate entered a decree May 23, 1933, accompanying it with an opinion, and the petitioner and the special guardians have appealed from it to this court.

The fourth paragraph of the will is long and we quote from it only such portions as are relevant to the issue presented:

" *Fourth.* Having in mind that I ought in all fairness to dispose of my residuary estate in such manner that after the death of my wife Charlotte M. L. von Kleist, my three children, Charlotte von Kleist, Martha Thomas and August von Kleist (or their descendants) shall possess and enjoy the same equally [here follow provisions charging Charlotte and Martha with certain sums to be deducted from their shares of the residue].

" Such charges having been made I direct my executor hereinafter named to divide all the rest, residue and remainder of my estate including the said sums with interest so charged to my said two daughters Charlotte and Martha, which I have heretofore and do hereby declare to be a part of my residuary estate, into three equal parts, one of such equal parts to include all such sums with interest so charged to my said daughter, Charlotte, and to be known and designated as the ' Charlotte von Kleist share,' another of such equal parts to include all such sums with interest so charged to my said daughter, Martha, and to be known and designated as the ' Martha Thomas share,' and the third of such equal parts to be known and designated as the 'August von Kleist share.'

" Such division having been made, I give, devise and bequeath

the use, income and profits derived from the ' Charlotte von Kleist share ' to my wife, Charlotte M. L. von Kleist, for and during the term of her natural life and from and after her death unto my said daughter, Charlotte von Kleist, for and during the life of my said daughter, Charlotte, and upon the death of my said daughter, I give, devise and bequeath said share to her issue surviving her, share and share alike, *per stirpes* and not *per capita*, and if she leave no issue her surviving, then to my daughter Martha and son August, the issue of a deceased child taking the share which his, her or their parent would have taken if alive."

Similarly, provisions were made as to the share of the daughter Martha and the son August. There was a further provision with respect to the "August von Kleist share " whereby (subject only to a life use in the mother) August might have the absolute ownership of a sum (about $25,000) equal to the approximate amounts previously advanced and thereafter to be advanced by the testator to the two daughters in his lifetime. The purpose was to give August a preference in the final division of the estate to an amount equal to the charges made against the daughters.

The executor has turned over the corpus of the Martha Thomas share to her and the corpus of the August von Kleist share to him The Charlotte von Kleist share is still in his hands. No security was demanded or received as a condition of making the payments to Martha and August. The surrogate held that it was not the intention of the testator to create testamentary trusts as to any portion of the residuary estate; that it was not his intention that after the death of the wife, the corpus of the said residuary estate should be held intact until the death of the children; but it was his intention that after the death of the wife the children were entitled not only to the use, but also to the possession of the said corpus.

At the beginning of the fourth paragraph of his will the testator states that he has it in mind that in fairness he " ought to " dispose of his residuary estate in such a way that his three children should have the benefit of it during their lives; that they should " possess and enjoy " it. " Possess " usually means " to have ownership with control and enjoyment in actual exercise." (Funk & Wagnalls Standard Dict.) Webster says it means " to enjoy in person," " to have legal title to," " to have and hold as property." Implicit in these definitions is the idea of title, of ownership, of something greater than life tenancy, of something more than " holding," " custody." However, leaving out of consideration the ordinarily accepted meaning of the word and appreciating that the testator had the privilege of giving right of custody of this personal property to whomsoever he pleased, our concern is with

what the testator meant, not when he initially expressed his feeling as to what he " ought to " do with his residuary estate, but when he proceeded to give effective expression to his testamentary desires. This was indicated when he came to write the actually disposing portions of his will. Then he clearly gave to each of his three children a life estate with remainder in fee to their issue. What he had previously indicated as to his then conceived obligation, whatever as to possession or custody was originally in his mind was not again referred to. He actually gave no such right to any one except to the issue of his children, his grandchildren. To his children he gave " use, income and profits" and nothing else. (See *contra*, *Matter of Ungrich*, 48 App. Div. 594; affd., 166 N. Y. 618, where the testator gave " custody and possession of all personal property " to his wife.) Precatory and hortatory words in a will are held not imperative unless a clear intent thereunto appears. (*Post* v. *Moore*, 181 N. Y. 15; *Matter of Barney*, 207 App. Div. 25; affd., 239 N. Y. 584.) And the same effect should be given to preliminary words in a will expressing a general purpose (*Meyer* v. *Rusterhotz*, 23 Ind. App. 569) or a mere feeling of moral obligation when they are followed by words indicating that that sense of obligation is not presently existent because it is not made manifest.

In the second and third subdivisions of his will the testator specifically created certain trusts and made provision for payment of the income produced by them. Later, in paragraph fourth, the testator in appropriate language created life estates. There no trustee is named, there is no gift to the executor and the corpus is not bequeathed to any one until after the death of the life tenants. There is nothing in the will indicating that a legal estate is to vest in the executor. His only duties are to divide the estate into three parts, preserve them and pay the income from them to the life tenants. In the performance of such duties, it is not essential that a legal estate be vested in him. (*Tucker* v. *Tucker*, 5 N. Y. 408, 413; *Bliven* v. *Seymour*, 88 id. 469, 477; *Snedeker* v. *Congdon*, 41 App. Div. 433; *Robert* v. *Corning*, 89 N. Y. 225, 237.) There may be merit, then, in the respondent's claim that no trust was, in terms, established as to the residuary estate and that one will not be implied because no intention to create one " ' can be fairly collected from the instrument.'" (*Matter of Ardrey*, 232 N. Y. 109, 111.) However, we are not required to pass upon this point. For, inasmuch as the children of testator were actually given no interest or rights in their father's estate beyond that of life tenancy, the executor — being without direct authorization thereunto — was under obligation not to deliver any of the corpus of this personal estate into the custody of any of the children of testator (except

the $25,000 to August) without obtaining adequate security. The remaindermen were entitled to this protection. (*Smith* v. *Van Ostrand*, 64 N. Y. 278, 282; *Matter of McDougall*, 141 id. 21; *Hodgman* v. *Cobb*, 202 App. Div. 259, 267.) This residuary estate consisted entirely of cash, mortgages and corporate stock, not of household furniture, *aut sim*, as was the case in *Getman* v. *McMahon* (30 Hun, 531). For this reason particularly was the executor bound to assume that delivery of the corpus to life tenants without adequate protection would "menace * * * the rights of the remainderman." (*Matter of Frost*, 179 App. Div. 431, 435.)

The executor was not justified in paying to Martha Thomas any part of the corpus of her share nor in paying to August any part of the corpus of his share in excess of $25,000. The fourth paragraph of the will should be construed and the decree modified in accordance with this opinion, with costs to appellants filing briefs, payable out of the estate.

All concur.

Decree modified on the law in accordance with the opinion and as modified affirmed, with separate bills of costs to each appellant appearing and filing separate briefs payable out of the estate.