In the Matter of the Intermediate Account of NATHAN J. RICH-MAN, as Sole Surviving Trustee, and of GERTRUDE S. FIXMAN, as Executrix of EDMUND J. FIXMAN, Deceased, a Deceased Trustee, under the Will of CLARA R. TRISCHETT, Deceased.

Surrogate's Court, Westchester County, June 29, 1945..

*Norman S. Nemser* for petitioners.

*William S. Bennett,* special guardian for Albert T. Trischett, an infant.

*William S. Coffey,* special guardian for Donald S. Trischett, an infant.

GRIFFITHS, S. Supplementing my decision of February 21, 1945 (*Matter of Trischett,* 184 Misc. 599), I hold that the one-third share of her residuary estate as to which it was thereby determined that decedent died intestate vested in decedent's son who was her sole distributee at her death and is not distributable among her three grandchildren who would be her distributees on the termination of the primary trust. In its prior opinion this court held that a secondary trust consisting of one third of the residuary estate was invalid since the trust term would have been measured by the life of a child not in being at the death of the testatrix. By the provisions of the will, each secondary trust was to terminate as such child attained the age of thirty years, with substitutionary provisions as to the share of any child who should die before attaining the prescribed age, to the issue of such child, if any, and if none, to the brothers

or sisters of such child. The court therein determined that such remainder was not a vested interest at the death of the testatrix or upon the termination of the primary trust, and that since the invalid disposition was contained in the residuary clause it might not therefore be employed to augment any valid portion of the residuary estate. (*Wright* v. *Wright,* 225 N. Y. 329.)

As the remainder was not absolutely vested payment could not be accelerated. (*Matter of Silsby,* 229 N. Y. 396.) Such share was not effectively bequeathed by the will, and must therefore be disposed of as intestate property without regard to the intent of the testatrix. (*Knickerbocker Trust Co.* v. *King,* 126 App. Div. 691.) The court having determined that the testatrix died intestate as to one third of her residuary estate, it follows that such share is payable to her distributee at the date of her death. (*Clark* v. *Cammann,* 160 N. Y. 315; *Matter of Silsby, supra; Matter of Durand,* 250 N. Y. 45; *Matter of Lyons,* 271 N. Y. 204.)

Proposed decree signed.