CHARLOTTE A. ERWIN, Individually and as Executrix, etc., of LEVI E. WATERBURY, Deceased, Appellant, *v.* SCHOFIELD E. WATERBURY and Others, Respondents.

Third Department, March 5, 1919.

**Will — bequest over to third persons dependent upon death without issue, construed — when estate of devisee will not be cut down.**

Where a testator bequeathed the residue of his property to his only daughter who was then about forty years of age, and in case of her death without further issue bequeathed " all that is given to her " to her daughter who was then sixteen years of age, but in case of the death of said daughter without leaving any issue, he then bequeathed said residue to his brothers' and sisters' children, it must be held that the estate vested in his daughter who survived him.

It was only in the event that neither the testator's daughter nor his granddaughter or their issue survived him that he had any intention of passing the property on to his collateral relatives.

The courts will refuse to cut down an estate already granted in fee or absolutely, when the supposed terms of limitation are to be found in some subsequent portion of the will and are not in themselves clear, unmistakable and certain, so that there can be no doubt of the meaning and intention of the testator.

Where the devise or bequest over to third persons is not dependent upon the event of death simply, but upon death without issue or without children, the death referred to is death in the lifetime of the testator.

APPEAL by the plaintiff, Charlotte A. Erwin, individually and as executrix, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of St. Lawrence on the 8th day of September, 1917, upon the decision of the court after a trial before the court without a jury.

The judgment decreed that by the terms of the will of Levi E. Waterbury, deceased, the plaintiff and the defendant Gertie M. Erwin took only a contingent title to the residuary estate of said decedent and that an accounting be had by the plaintiff for all moneys and other property which came into her hands belonging to the estate of said decedent, and directing two bills of costs as judgments against the estate of said decedent.

*Abbott & Dolan [James C. Dolan* of counsel; *John C. Crapser* with him on the brief], for the appellant.

*Giles A. Chase [H. B. Chase* of counsel], for the respondents Ivan Crowley and Avis Crowley, infant.

*Joseph F. Brown,* for the respondents Schofield E. Waterbury and others.

WOODWARD, J.:

Levi E. Waterbury left a last will and testament in which, after providing for the payment of his debts, he gave to his wife the life use of the house and lot where they resided, together with the furniture and fixtures, and $1,000 in money and one-half of the net income of a certain farm. These were in lieu of dower, and have no bearing upon the question here involved, except as a part of the environment of the remaining provisions of the will. The wife predeceased the testator, and the property fell into the residuary estate. He then gave to his son-in-law (the husband of Charlotte A. Erwin) the sum of $1,000, and in the 3d paragraph of the will provided: " I will and bequeath the rest and residue of all my property both real and personal to my daughter Charlotte A. Erwin, but in case of her death without further issue I will and bequeath all that is given to her to Gertie M. Erwin, but in case of the death of Gertie M. Erwin without leaving any issue, then I will and bequeath it to my brothers & sister children, P. H. Waterbury, William H. Waterbury and Sarah A. Wright to share and share alike."

The will then appoints Charlotte A. Erwin executrix, and closes with the formal clauses, without further provisions tending in any manner to throw light upon the intention of the testator; and the learned court below has held that the true construction of the 3d paragraph of this will is that it refers to death at any time, with the result that the title to this estate is indefinitely held in suspension. The plaintiff, who has been in undisturbed possession of the property from the death of the testator in 1893, appeals from the judgment, and urges that the true construction of the will is that the title vested in Charlotte A. Erwin; that the deaths referred to were deaths preceding the death of the testator, and that the

said Charlotte A. Erwin, having survived the testator, took the gift absolutely upon his death.

The learned trial court admits that the rule contended for by the plaintiff is approved, but urges that it " yields easily to any fact or circumstance indicating a different intention," and then upon the supposed authority of *Nellis* v. *Nellis* (99 N. Y. 505); *Vanderzee* v. *Slingerland* (103 id. 47) and *Matter of Cramer* (59 App. Div. 541) reaches the conclusion that " in the case at bar the gift is not absolute; the qualification is not only in the same clause, but the same sentence."

We are unable to find the qualification either in the same clause or the same sentence, nor yet in any other portion of the will. The 3d paragraph makes no mention of any other clause. Charlotte A. Erwin appears to have been the only daughter of the testator, and that good relations existed in the family is evidenced by the gift of $1,000 to the husband of Charlotte A. Erwin, the son-in-law of the testator. Charlotte A. Erwin, at the time the will was executed, was about forty years of age, and had one daughter, Gertie M. Erwin. Adequate provision was made for the wife in the 1st paragraph, and then there was the provision that " I will and bequeath the rest and residue of all my property both real and personal to my daughter Charlotte A. Erwin." Clearly, if the language ended here there would be no question; there was an absolute and unqualified gift of the remainder of the estate, without duty or obligation of any kind attaching, and the rule is well established that courts refuse to cut down an estate already granted in fee or absolutely when the supposed terms of limitation are to be found in some subsequent portion of the will, and are not in themselves clear, unmistakable and certain, so that there can be no doubt of the meaning and intention of the testator. (*Washbon* v. *Cope*, 144 N. Y. 287, 297, and authorities there cited.) Is there any such " clear, unmistakable and certain" limitation in this will? Is there, in fact, any limitation whatever? " But," says the testator, " in case of her death without further issue [that is, in case of the death of Charlotte A. Erwin without other children than Gertie M. Erwin before this will becomes operative] I will and bequeath all that is given to her to Gertie M. Erwin." He not only gives the property to his daughter in the first clause, but he refers to it as " all that

is given to her," and the clear and unmistakable intent is to give the property to his daughter, if living at his death, and in the event of her being dead without other issue, then to pass to the daughter of Charlotte A. Erwin what would otherwise have passed to her. This is so obviously the purpose of the testator that it hardly seems open to discussion; and ingenuity of counsel would hardly have conceived a doubt in the premises, except for the further provision, following the previous formula, " but in case of the death of Gertie M. Erwin without leaving any issue, then I will and bequeath it to my brothers and sister children." Gertie M. Erwin was sixteen years old when the will was executed; both she and her mother might predecease the testator without issue, and the purpose was to provide for this contingency, leaving the testator to make such other provision as he might think wise in the event of issue being born to his daughter or his granddaughter. The will speaks as of the death of the testator, and he merely undertook to provide for the disposition of his property to such as might be reasonably expected to be in existence at his death. He was evidently not expecting further issue to his daughter; was not seriously contemplating such an event in the case of his sixteen-year-old granddaughter. If this did not occur, then he was willing and desired that his property should go to the daughter, if living; if not, to his granddaughter. The contingency was not issue; he merely sought not to disinherit his direct descendants, and it was only in the event that neither the daughter nor the granddaughter, or their issue, survived him, that he had any intention of passing the property on to his collateral relatives. If neither of these was living, and they had no descendants, then the will gave to the children of his brothers and sister, and the only effect of issue to either the daughter or the granddaughter would have been to defeat the hopes of the collateral relatives even though both of the primary objects of the testator were dead when the will came into effect. The will says, as plainly as could be expected from its rather crude language, that it was only in the event of the death of Charlotte A. Erwin and of her daughter, Gertie M. Erwin, both without issue, that the children of his brothers and sister were to take anything, and this in no wise tended to limit the gift to his daughter, if living. That gift was absolute. It declares:

" I will and bequeath the rest and residue of all my property both real and personal to my daughter Charlotte A. Erwin, but in case of her death without further issue I will and bequeath all that is given to her to Gertie M. Erwin." That is, if at the death of the testator Charlotte A. Erwin is living he gives her the property absolutely. If she is dead, without further issue, he gives it to his granddaughter, the daughter of Charlotte A. Erwin. What disposition was to be made of the property in the event of further issue to Charlotte A. Erwin and her death prior to that of the testator is not disclosed by the will, and it is not necessary to inquire. Mrs. Erwin did survive the testator, and she did not have further issue, and, beyond all question, the property under the terms of the will vested in her. The rule is well settled that where the devise or bequest over to third persons is not dependent upon the event of death simply, but upon death without issue or without children, the death referred to is death in the lifetime of the testator. (*Washbon* v. *Cope,* 144 N. Y. 287, 297.) " It is true," say the court in the case cited, " that in some cases courts have stated that they would lay hold of slight circumstances to vary this construction and give effect to the language according to its natural import as referring to a death, under the circumstances mentioned, happening either before or after the death of the testator. But those circumstances must be such that a court can reasonably say there is good and fair ground upon which to base an alteration of the rule outside of and beyond the language which courts have heretofore held compelled them to enforce the rule as stated. When the language of a devise or bequest is such that the courts, without looking to any of the other provisions of a will, would say that such language meant, within the well-settled decisions, that the death spoken of was death before that of the testator, then the language in other portions of the will which is to alter that rule must be such as at least to give fair, clear and reasonable ground for saying that its proper effect is to change the rule in question." The court then states that this rule was applied in *Quackenbos* v. *Kingsland* (102 N. Y. 128) and points out why it was modified in *Vanderzee* v. *Slingerland* (103 id. 47), the case particularly relied upon in the court below, and reviews other cases. It then adds:

" Enough cases have been cited to show what indeed there is no contradiction in regard to, that the exception to the rule must be quite clearly apparent from the language otherwise used in the will, and that unless such language is to be found which shall render the meaning of the testator quite clear the exception to the rule is not sustained and the rule itself must prevail."

In the case before us, not only is the natural import of the language clearly in favor of the general rule, but there is no language, and no provision, which in any degree indicate a contrary purpose. The evident purpose of the testator was to take care of his daughter and his daughter's daughter. To accomplish this he gave primarily to his daughter, and, in the event of her death, without further issue, to his daughter's daughter. If it vested in the daughter at his death then both results were accomplished. If the daughter predeceased him, leaving no issue, then the secondary result was accomplished by giving " all that is given to her to Gertie M. Erwin." There is not the slightest intention expressed in the will to make any provision for the children of his brothers and sister, except in the event of the property not vesting in one of his direct descendants; and to read into this will an exception to the general rule is to make a disposition of this property which was never contemplated by the testator, and for which there is not the slightest justification in the language used.

The question here under consideration was not involved in *Matter of Cramer* (59 App. Div. 541), and in *Matter of Russell* (168 N. Y. 169, 178, 179) the court again asserts the general rule, and declares that " this rule yields only to clear language in the instrument indicating that the testator referred to a death at some other time," and deprecates the tendency of courts to give to the dispositions of property " an exceptional legal character." An exception to a general rule should not be extended to a doubtful case; the established order should be preserved unless there is controlling reason to the contrary, and it is not the duty of courts to be astute in the discovery of means of defeating the declared purposes of testators or legislators by a resort to rules of construction designed merely to aid in arriving at the real intention of language used where there is uncertainty or

ambiguity.   It is never the legitimate purpose of the law to defeat the lawful intention of instruments or statutes, and its spirit is not that of the sophist.   We are not concerned with the wisdom of wills or of statutes.   It is our purpose to learn, if we may, the intent of those creating instruments, and to give effect to such intent so far as it is lawful, and there can be no fair question that the testator in the will before us designed to vest the title to his residuary estate in his daughter, if living at his death, and beyond that we have no concern.   She did survive him, and the title is now in her, and it does not seem necessary to determine the question of practice, since no one having an interest in the property other than the plaintiff is before this court.   The children of the testator's brothers and sister have no rights in the estate unless through the will, and as the contingencies upon which their rights depend never occurred it would be entirely improper to permit them to hold the judgment which has been entered in this action.

The judgment appealed from should be reversed, with costs.

All concurred.

Judgment reversed, with costs, and judgment directed as per opinion.