Order affirmed, with costs payable out of the fund; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

In the Matter of the Will of MARIETTE L. BARNEY, Deceased.

SARAH DURAND, Appellant; FRANK P. WOLFE, as Administrator with the Will Annexed of the Estate of MARIETTE L. BARNEY, Deceased, et al., Respondents.

*Will — definite gift to son — when not cut down by subsequent clause expressing desire of testatrix as to manner of disposal of remainder of property upon son's death without children.*

*Matter of Barney (Will)*, 207 App. Div. 25, affirmed.
(Argued November 25, 1924; decided December 9, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 13, 1923, which reversed a decree of the Chautauqua County Surrogate's Court construing the will of Mariette L. Barney, deceased. Testatrix, by the second clause of her will gave all of her property both real and personal to her son. A subsequent clause reads: " *Third.* I desire that my son shall observe the following requests: To remember Frank P. Wolfe for his kindness to us with a small sum and when wanting advice to go to him; that he remember Joseph Breads, Mrs. Henry Witt of Dunkirk, N. Y., and Mr. and Mrs. Bert Bentley; that if my son dies without children then I desire that the property which came to me on the Griswold side, if any is left, be given to Myrtie Eldridge and her children (she being a niece of Mrs. Ursula Griswold Durand Turner) and that the property which came to me on the Durand side to be given to Sarah Durand. I desire my son to do as he wishes with the property in his lifetime and to follow these requests in the disposition of the remainder of those properties." The surrogate held that by this clause the absolute gift to the son contained in the second paragraph was cut down to a life estate, with

a definite gift of a portion of the remainder to appellant should he die without children. The Appellate Division held this to be erroneous.

*Thomas P. Heffernan* for appellant.

*Arthur B. Ottaway* for respondents.

Order affirmed, with costs on opinion of DAVIS, J., below.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, ANDREWS and LEHMAN, JJ. Absent: CRANE, J.

---

In the Matter of the Application of FRANK P. WOLFE, as Executor of FRANK D. BARNEY, Deceased, for a Judicial Construction of the Will of URSULA TURNER, Deceased.

FRANK P. WOLFE et al., as Executors, et al., Appellants and Respondents; J. LEONARD GRISWOLD et al., Respondents and Appellants.

*Will — construction — death of remainderman intestate without descendants before death of life beneficiary — distribution of his share of estate.*

*Matter of Turner (Wolfe),* 206 App. Div. 294; 207 id. 837, affirmed.

(Argued November 25, 1924; decided December 9, 1924.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 29, 1923, which reversed a decree of the Chautauqua County Surrogate's Court construing the will of Ursula Turner, deceased, which reads as follows: " This is to certify that I, Ursula Turner, give the use of my whole property at my death to Mariett L. Barney, my daughter, as long as she lives and at her death to be equally divided the principal between her son Franklin D. Barney and her sister's son Roy D. Herrick and their heirs forever and if they have no heirs, to my brothers and sisters with the exception of William B. Griswold, who had the largest share in his father's property and for that and other reasons will not share in mine." Mrs. Turner died April 7, 1883, leaving her daughter, Mariett L. Barney, a grandson Frank D. Barney, and a grandson