In the Matter of the Construction of the Last Will and Testament of JOHN M. TALLMAN, Deceased.

Surrogate's Court, Clinton County, April 20, 1928.

Wills — construction — will after giving decedent's son all his real estate, bequeathed him $2,000 in cash on condition he would care for his mother and that title to "said estate" should never pass from family — will shows decedent attempted to alter instrument by striking out provision as to care of cemetery lot — bequest of cash is demonstrative legacy — devise of real estate is absolute — method of alteration of will not sufficient to carry out decedent's intent (Decedent Estate Law, § 34) — ademption of bequest for care of cemetery lot effected.

Decedent by will, after giving his son "all my real estate" bequeathed him $2,000 "in cash in bank" on the condition that he would care for his mother "and lay her away decently when she died" and on the further condition that title to "said estate shall never pass" from the family name. Subsequently decedent attempted to alter his will by striking therefrom a provision as to the care of the cemetery lot and substituting therefor a clause as to the division of the balance of any of the personalty after the payment of specific bequests.

The bequest of $2,000 in cash is a demonstrative legacy, since it is a bequest of a specific sum of money and points out the fund from which the payment is to be made.

The devise of real estate is absolute and without any restrictions, notwithstanding the fact that it is contained in the same paragraph of the will which makes the bequest of cash on certain conditions.

Since decedent's wife predeceased him, the conditions as to her care and burial have been satisfied. Furthermore, the condition as to the title to the estate remaining in the family name refers to the real estate and not to the $2,000 legacy.

When an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause, nor by any subsequent words which are not as clear and decisive as the words giving the estate.

While the method decedent used to alter his will is not sufficient to carry out his intent, within the meaning of section 34 of the Decedent Estate Law, his written statement in conjunction with testimony relative to the improvements made by the decedent to a cemetery lot is sufficient to constitute an ademption of the bequest made for the improvement of the cemetery lot.

Therefore, decedent died intestate as to that part of his estate bequeathed for the purpose of improving the cemetery lot.

PROCEEDING for the construction of a will.

*Victor F. Boire*, for the petitioner and executor Samuel D. Tallman.

*Egbert C. Everest*, special guardian for Electa Grew and others, infants.

HARRINGTON, S. The holographic will of the decedent was admitted to probate by this court on December 29, 1927. The

Surrogate's Court, Clinton County, April, 1928.        [Vol. 131

construction of the will was in issue upon the probate proceeding, but the order admitting the will to probate reserved the question so raised for future consideration and decree.    The will is dated November 4, 1920, and is as follows:

"*First.* After all my lawful debts are paid and discharged, I give, devise and bequeath all my Real Estate and live Stock Remaining on the farm at time of my Death to my Son Samuel. I allso give to my Son Samuel D. Tallman $2,000) two thousand Dollars in Cash in Bank In Burlington Savings Bank Burlington, Vt on the following conditions viz:

1st that Said Samuel D Shall carefully and tenderly care for his Mother while She lives and lay her away Decently when She is dead.

(2.) that the Title of Said Estate Shall never pass from the family name of Tallman.

I also Bequeath to my Daughter Anna $400) four hundred Dollars to my Son Wesley J M $400) four hundred Dol, to my Son Charles F $400) four hundred Doll, to my Daughter Alice $400) four hundred Doll, to my Daughter Ruth $400 four hundred Doll,  If there is not Enough money in Bank to Satisfy the above amounts Each Shall bear his or her part of the Deficiency but If there is more than Satisfy the above amounts It Shall be Equally Divided to the Above named  ~~It Shall be Expend on the family Cemetary lot~~  Sons and Daughters of the Testator and may God Bless them all.    Amen.    the Interlining is Substuted because the Cemetary Repairs are not needed   Changed by my own hand this 24th Day of December, 1925.    John M. Tallman.    Testator."

As above indicated, the testator attempted to alter his will by striking out the line " It Shall be Expend on the family Cemetery lot," and substituting therefor, " It Shall be Equally Divided to the Above named Sons and Daughters of the Testator."    Three questions are presented for determination: (1) Is the legacy of $2,000 specific or demonstrative; (2) what is the nature of the interest in decedent's real estate devised to his son Samuel; (3) what is the effect of the attempted alteration of the will as above mentioned, which was made by the testator after the execution of his will.

The only witness examined in this proceeding was the executor and petitioner herein, who is the son of the decedent as mentioned in his will.    From his testimony it appears that the decedent was eighty-six years of age at the time of his death; that the petitioner herein had lived all of his life with his father on his father's farm; that his mother predeceased his father; that at the time this will was executed his father had about $3,700 in the Burlington Savings

Bank; that at the date of decedent's death the decedent had no funds in said bank; that some time after the execution of the will his father transferred his bank account from the Burlington Savings Bank and deposited $3,000 thereof in the Merchants National Bank at Plattsburg, N. Y., and $700 in the State Bank of Ellenburg, at Ellenburg, N. Y.; that his father made this transfer because he had been advised by a friend that upon his decease a tax would be assessed against his bank account if left in the Burlington Savings Bank, and because it would be more convenient for him to have his money in the last above-mentioned two banks; that at decedent's death he had on deposit in the said Merchants National Bank the sum of $3,090, and in the said State Bank of Ellenburg the sum of $3,845; that the petitioner had worked on his father's farm all of his life; that after the date of the will his father had improved the family cemetery lot by expending about $500 thereon and placing a monument, a corner stone, and five markers thereon; that there was no need for further improvement of this lot.

In *Crawford* v. *McCarthy* (159 N. Y. 514, 518, 519) the several classes of legacies are defined as follows: " A general legacy is a gift of personal property by a last will and testament, not amounting to a bequest of a particular thing or money, or of a particular fund designated from all others of the same kind. A specific legacy is a bequest of a specified part of a testator's personal estate distinguished from all others of the same kind. * * * A demonstrative legacy partakes of the nature of a general legacy by bequeathing a specified amount and also of the nature of a specific legacy by pointing out the fund from which the payment is to be made; but differs from a specific legacy in the particular, that if the fund pointed out for the payment of the legacy fails, resort may be had to the general assets of the estate."

It would seem that the bequest of $2,000 in decedent's will is a demonstrative legacy. It is a bequest of a specified sum of money and it points out the fund from which the payment is to be made. It has both of the elements necessary to constitute a demonstrative legacy as above defined. In addition to this, we have the testimony of the petitioner herein as to the reason why the decedent transferred his money from the bank mentioned in his will to other banks. The testimony also indicates that the legatee in question had spent all of his life with the decedent on the decedent's farm, working for him. All of this clearly establishes that this is a demonstrative legacy, and should be payable out of the general assets of the estate. In *Crawford* v. *McCarthy*

55

(*supra*) the legacy in question was held to be specific and not demonstrative for the reason that one of the elements necessary to constitute a demonstrative legacy was lacking, namely, a bequest in the nature of a general legacy. Here, both elements necessary to constitute a demonstrative legacy are present.

Is the devise of real estate to the decedent's son a restricted one, and if so, is such restriction valid? It will be noted that the first sentence of the will devises the decedent's real estate to his son absolutely. The next sentence makes a bequest of $2,000 to this son, and it is this bequest which is stated to be made " on the following conditions viz:" The wife of the decedent having predeceased him, the first condition has been satisfied. Then follows the second condition, " that the Title of Said Estate Shall never pass from the family name of Tallman." It would seem apparent that this second condition actually referred to the real estate previously devised and not to the legacy of $2,000. This would seem the only logical intent of the testator, primarily because of the words, " Title of Said Estate " as used by him. It is difficult to conceive of such language applying to cash. The testator probably desired that his farm should always be owned by a member of his family, but it is of interest to note that there is no gift over to any other person in the event that such request is not carried out.

A rule of construction applicable to this case prevents the apparent restriction upon the devise in question from becoming effective. When an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt as to the meaning or application of a subsequent clause, nor by any subsequent words which are not as clear and decisive as the words giving the estate. (*Banzer* v. *Banzer*, 156 N. Y. 429, 435; *Adams* v. *Massey*, 184 id. 62, 69; *Tillman* v. *Ogren*, 227 id. 495, 505; *Matter of Barney*, 207 App. Div. 25, 28; affd. on opinion below, 239 N. Y. 584; *Weber* v. *Kress*, 198 App. Div. 687; *Ottman* v. *Allter*, 212 id. 80, 83.) The reason for the rule is well stated in *Tillman* v. *Ogren* (*supra*, 504) in which the court states as follows: " * * * An absolute estate is repugnant as a matter of fact to a gift over to a third person. It is because of such repugnance in fact that an apparently absolute estate cannot be cut down or qualified unless the intention is clear and definite." In accordance with this rule of construction, it has been held that where an estate in fee simple is granted, a condition that the grantee shall not alienate the land, or shall alienate it only to those having the testator's family name, is void for the reason that a fee simple estate and such a restraint upon its alienation cannot in their nature co-exist. Such a condition is held to be void for

repugnancy. (2 Schouler Wills [6th ed.], 1481; *Hacker* v. *Hacker*, 153 App. Div. 270, 272, 273; *Schermerhorn* v. *Negus*, 1 Den. 448.) These two cases are more nearly in point to the case at bar than any I have been able to discover. I believe they are authoritative for the question at issue. The devise of decedent's real estate to his son Samuel must, therefore, be held to be absolute without any restrictions.

What is the legal effect of the attempted alteration of the will as above indicated? It is apparent that the method of the alteration alone was not sufficient to carry out the testator's intent. (Decedent Estate Law, § 34.) However, the testimony of the executor herein shows that after the execution of this will the decedent personally made all necessary improvements to his family cemetery lot. This written statement of the testator that further improvements to his cemetery lot were not needed is also material in determining testator's belief regarding this matter. I believe this written statement of the testator, in conjunction with the testimony of the executor relative to the improvements made by the testator to his cemetery lot, is sufficient to constitute an ademption of the bequest made for the improvement of the testator's cemetery lot. An ademption of a legacy arises when a will bequeaths something for a specific purpose, which is satisfied by an act of the testator in furnishing that thing in his lifetime. (*Burnham* v. *Comfort*, 108 N. Y. 535, 539.) The act of the testator in personally making all necessary improvements to his cemetery lot satisfied the purpose of such bequest. I must, therefore, hold that such legacy has been adeemed and that the testator died intestate as to that part of his estate bequeathed for the purpose of improving his cemetery lot.

Prepare decree accordingly.