In the Matter of the Application of Ernest H. Nohn and Ernest St. J. Mann, as Executors under the Last Will and Testament and Codicil Thereto of Emil E. Gabler, Deceased, for a Judicial Construction of Said Will of Emil E. Gabler, Deceased, and for Instructions as to Petitioners' Rights. Norine V. Degnen and General Hospital of Saranac Lake, Appellants. Ernest H. Nohn and Another, as Executors, etc., and Ella M. Gabler, Respondents.— Decree of the Surrogate's Court of Westchester county modified by striking from the second decretal paragraph thereof the following: " to maintain the domestic establishment within and without the house; to pay the cost of fuel for heat, gas, or electricity for light and cooking, a telephone, hiring of a maid, replacement of furniture, an automobile, a chauffeur, if the decedent had such, silverware, linen, food, clothing, and care of a physician; and to maintain, support and keep up the entire home estab-

lishment and the widow as the decedent was providing when he died." As so modified the decree, in so far as appealed from, is affirmed, with costs, payable out of the estate, to all parties submitting briefs. In our opinion, paragraph eighth of the will only requires the trustees to retain and maintain the real property occupied by the testator at the time of his death, for the use of the widow as long as she shall desire to live there; for that purpose to pay the taxes, interest, water rates and other proper charges thereon; and to make necessary repairs thereto, and that said trustees are not required, by the provisions of said paragraph, to provide the widow with fuel, gas, electricity, a telephone, servants, an automobile, silverware, linen, food, clothing, and care of a physician, or to replace the furniture in the house bequeathed by the will to the widow. Lazansky, P. J., Kapper and Tompkins, JJ., concur; Hagarty, J., concurs as to the construction placed on paragraph eighth but dissents as to the construction which holds that under paragraph tenth an annuity was created for the widow. In this dissent Davis, J., concurs. Davis, J., dissents as to the construction by the majority of paragraph eighth of the will and votes to affirm the decree in that respect, agreeing with the interpretation made by the learned surrogate and the reasoning in the opinion on that question in the court below. In interpreting the provisions of a will it is necessary that it should be viewed in the light of its own language, the surrounding circumstances and the common experiences of mankind, to obtain the thoughts and impulses of the testator. (*Matter of Barney*, 207 App. Div. 25, 28; affd., 239 N. Y. 584.) Applying this test to paragraph eighth, and considering cognate provisions in other parts of the will and the surrounding circumstances, it seems clear that the testator had definitely in mind the purpose and intent, in so far as the income of his estate would permit, that his wife should reside in the home he had long provided and in a manner and station to which she had been accustomed, and as long as she desired. No one else had a claim upon his bounty except through his good will or charity. The dominant purpose of the will was to provide for his wife; and the purpose of providing for a friend, a collateral relative and a charitable institution by the remainder, vested or contingent, was entirely secondary. When such a dominant purpose exists, courts will go to great lengths in placing a construction on ambiguous terms in carrying out the intent of the testator. (*Matter of Jackson*, 258 N. Y. 281.) [140 Misc. 581.]