In the Matter of the Judicial Settlement of the Account of the Proceedings of GEORGE FLINT WARREN, JR., as Successor Trustee of the Unexecuted Trusts under the Last Will and Testament of MARY A. COOPER, Deceased, and the Application for Determination of the Validity, Construction or Effect of Said Will, and for Advice, Direction and Instruction. MARGUERITE C. BUCKBEE, Appellant;

GEORGE FLINT WARREN, JR., as Successor Trustee, etc., of MARY A. COOPER, Deceased; NATALIE C. JEMAIL, DUDLEY COOPER, CHARLES W. COOPER, JR., EVELYN MAGRATH, BESSIE F. GREENFIELD and DAISY A. BEST, Respondents.— Decree of the Surrogate's Court of Suffolk county judicially settling the accounts of the successor trustee modified by striking therefrom the provisions directing that one-half of the trust of Alfred C. Cooper, erected under the ninth paragraph of the will of the deceased, and one-half of the income thereof, be distributed to the children of Charles W. Cooper, and by substituting therefor a provision that the entire trust fund be distributed to Marguerite C. Buckbee as next of kin of Daisy E. Teese, deceased, and as so modified affirmed, so far as an appeal is taken, with costs to the appellant payable out of the estate, and the matter remitted to the Surrogate's Court for entry of a decree accordingly. The intention of the testatrix is to be ascertained and given effect, even though a court, under a situation of later development, thinks a different distribution of the property of the testatrix would be more desirable. Especially is this so where the intention of the testatrix is expressed with reasonable clarity. Courts may not, under the guise of interpretation, thwart that clearly expressed intention concerning the disposition of what, after all, is the property of the testatrix and with respect to which her desires are paramount and conclusive. The provision at the end of the ninth paragraph represents the testatrix's clearly expressed intention as to what should be done with the principal and income of the trust fund, erected primarily for the benefit of her son Alfred C. Cooper, in the event he should die without issue and in the further event that only one of her two other children should survive. When Alfred C. Cooper died, Daisy E. Teese, her daughter, was the only surviving child, the brother, Charles W. Cooper, having predeceased Alfred C. Cooper and Daisy E. Teese. In such a contingency the testatrix directed that the whole of said principal should be held for the life of the one so surviving, in this instance Daisy E. Teese, " upon the trusts above mentioned for that one." The principal of the trust primarily erected for Alfred C. Cooper thus became subject to the directions relating to " the trusts above mentioned for that one (Daisy)." Under the provision " for that one," the income, therefore, went to Daisy during her life and the principal (at her decease) went to her issue because the primary trust erected for the benefit of Daisy E. Teese provided that she should have the income on the principal of the primary trust set up for her benefit and, in the event of her decease with issue, the principal was to go to that issue share and share alike. She left her surviving but one child, Marguerite C. Buckbee. The latter, therefore, became entitled to the principal of the trust erected under the ninth paragraph of the will just as she has been properly held to be entitled to the principal of the trust erected under the eighth paragraph of the will, which primarily concerned her mother, Daisy E. Teese. The clear provision at the end of paragraph nine has been disregarded in the interpretation given to the entire paragraph by the surrogate, as a consequence of which he directed a division of the trust under the ninth paragraph, one-half to the appellant, Marguerite C. Buckbee, as the daughter of Daisy E. Teese, and one-half to the six children of Charles W. Cooper, deceased. This latter disposition would be permissible under the language of the ninth paragraph only in the event that both Charles W. Cooper and Daisy E. Teese had survived Alfred C. Cooper, which situation was made the subject of express provision in the ninth paragraph, but which situation

did not arise. Lazansky, P. J., Carswell, Adel and Close, JJ., concur; Davis, J., dissents and votes to affirm, with the following memorandum: I am in agreement with the conclusions stated in the opinion of the learned surrogate. While the intention of a testator often is an arguable question, depending upon the language used, the surrounding circumstances and the common experiences of mankind (*Matter of Barney*, 207 App. Div. 25; affd., 239 N. Y. 584), it is largely a question of judgment in applying the rules to a given state of facts. (*Matter of Lott*, 251 App. Div. 333, 335.) The intent must be " gathered from the whole will, with context and cognate gifts shedding light upon the meaning." (*Matter of Evans*, 234 N. Y. 42, 45.) Here the general plan and purpose of the will representing the intention of the testatrix seems reasonably clear. Paragraphs eighth and ninth of the will dispose of the income of the trust estate equally among the three children, with provisions for paying over the income of one or two who might die during the period the trust was operative, to the survivor or survivors during the life of those surviving. The remainder was given to the issue or next of kin of each of the three children, indicating a purpose to continue such equal division in the succeeding generation. One son (Alfred) died without issue. There was in each paragraph a clause, which I regard as obscure, relating to the event of the death of two named children: " if the said Daisy E. Teese [or Alfred C. Cooper] die without issue, and only one of my said two children [naming them] shall survive her [or him], I direct that the whole of said principal shall be held for the life of the one so surviving, upon the trusts above mentioned for him [or for that one]." As I read these provisions, the remainders vested in the issue or next of kin on the death of the testatrix, subject to open to take in afterborn issue or next of kin; and that in the case of the death of a named life beneficiary, " the whole of said principal " was to be held for the life of the new beneficiary surviving; but by this only income was intended. Further, if we may say that remainders were clearly bequeathed or devised in one part of the will, they cannot be taken away or cut down by raising a doubt as to the meaning of a subsequent clause which is not as clear and decisive as the words giving the estate. (*Banzer* v. *Banzer*, 156 N. Y. 429; *Matter of Barney*, *supra*; *Matter of Tallman*, 131 Misc. 863. Cf. *Tilman* v. *Ogren*, 227 N. Y. 495.) The decision of the majority takes away from the six children of one son, Charles, the one-half share of the remainder at the termination of the life tenancy of another son, Alfred; and gives the entire remainder of more than $30,000 to the one child of the daughter Daisy. With this conclusion I disagree and vote to affirm on the grounds above stated.