In the Matter of the Probate of the Will of CHARLES F. LANGE, Deceased.

Surrogate's Court, Richmond County, July 8, 1954.

*Harold W. Cohen* for George F. Lange, proponent.

*Jerome Otis Ellis,* special guardian for Henry Lange, an incompetent.

BOYLAN, S. The special guardian for Henry Lange, an incompetent, requests the court to construe the provisions of the last will and testament in order to ascertain whether the testator intended to create a trust for the benefit of his incompetent son Henry, or make an outright gift to his son George. He contends that a trust was created by Paragraph Seventh of the will which reads as follows: " SEVENTH: All the rest, residue and remainder of my property and estate, of every kind and description, whether real, personal or mixed, and wheresoever situate, I give, devise and bequeath to my son, GEORGE F. LANGE. I charge and direct him, however, to use so much thereof as may be necessary to provide hospitalization and proper care for my aforesaid son, HENRY LANGE, during the latter's lifetime."

The law is well settled that in order to ascertain the testator's intent, the entire instrument must be read as a whole and the different provisions reconciled and harmonized. Paragraph Sixth is indicative of the testator's intent, and reads as follows: " SIXTH: I give nothing to my son, HENRY LANGE, who is a patient at Central Islip State Hospital, not because of any lack of affection for him, but because of his condition."

It is a well-established rule that where there is an absolute gift of real or personal property, in order to qualify it or cut it down, the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and by expressions which must be regarded as imperative. (*Clay* v. *Wood,* 153 N. Y. 134; *Matter of Gardner,* 140 N. Y. 122; *Roseboom* v. *Roseboom,* 81 N. Y. 356; *Post* v. *Moore,* 181 N. Y. 15; *Tillman* v. *Ogren,* 227 N. Y. 495.)

An absolute estate by its very definition is repugnant to any qualification or gift over to a third person, and consequently, the courts will not tolerate an apparently unqualified estate to be modified or qualified unless the intent is clear and definite. (*Matter of Rooker,* 248 N. Y. 361; *Banzer* v. *Banzer,* 156 N. Y. 429; *Trask* v. *Sturges,* 170 N. Y. 482; *Weber* v. *Kress,* 198 App. Div. 687.) Conditional limitations when applied to absolute gifts are not favored. (*Matter of Gaffers,* 254 App. Div. 448.)

A testator may entrust the disposition of certain property to the discretion or judgment of a devisee or legatee expressing the hope, desire, wish or expectation as to the ultimate disposition to be made thereof by such person. Such precatory or hortatory words create no trust, charge, or enforcible obligation on the part of the legatee or devisee to whom they are directed nor do they in any way delimit or qualify the absolute and unconditional nature of the devise or bequest, unless a clear intent to create an enforcible obligation otherwise appears. (*Matter of Barney,* 207 App. Div. 25, affd. 239 N. Y. 584; *Post* v. *Moore,* 181 N. Y. 15; *Phillips* v. *Phillips,* 112 N. Y. 197; *Collister* v. *Fassitt,* 163 N. Y. 281.)

The Court of Appeals said in *Phillips* v. *Phillips* (112 N. Y. 197, 205, *supra*): " The primary question in every case is the intention of the testator, and whether in the use of precatory words he meant merely to advise or influence the discretion of the devisee, or himself to control or direct the disposition intended."

Instances of the enforcibility of precatory or hortatory provisions are relatively rare, and where an enforcible direction or disposition is intended, clear, decisive and mandatory language must be employed. (*Tillman* v. *Ogren,* 227 N. Y. 495, *supra; Banzer* v. *Banzer,* 156 N. Y. 429, *supra.*)

The first sentence of Paragraph Seventh sets forth an unqualified and absolute gift to his son George and no question could have arisen as to his meaning and intention if he had not added a further provision in the will, i. e., the second sentence of the same paragraph which reads: " I charge and direct him, however, to use so much thereof as may be necessary to provide hospitalization and proper care for my aforesaid son, HENRY LANGE, during the latter's lifetime."

The special guardian contends that the use of the words " I charge and direct " are mandatory and indicate an intention on the part of the testator to create a valid trust. The court is of the opinion that as used in this will, this language is not the clear, definite and imperative expression required to qualify and cut down the absolute gift to George.

In *Matter of Johnston* (277 App. Div. 239, 240, affd. 302 N. Y. 782), the court construed a paragraph in a will which, as in the present case, created an absolute gift in the first sentence of the paragraph. The second sentence started with the words " My wish and direction is that ". The Appellate Division in the *Johnston* case at page 241 stated: " The

language which it is claimed imposed the condition in the instant case is embodied in an entirely separate and distinct sentence from that creating the gift. It is of uncertain and doubtful meaning, falling far short of constituting an unmistakable indication of an intention to cut down what was otherwise an absolute and outright gift." To say charge and direct is tantamount to using two words, neither of which has more meaning than the other when used as a verb. " Charge " means to give instruction, direction or advice to, while " direct " means to determine the direction of, to point out a way, indicate a course or advise concerning a course or procedure. (Funk & Wagnalls New Standard Dictionary.)

Ordinarily, the words " charge and direct " are mandatory, but where they follow a definite expression of an intention to give nothing to one son (Henry) and an absolute gift of the residuary estate to another son (George), the court is of the opinion that they must be construed as precatory words and that a construction creating a valid trust for the son to whom the testator stated he gave nothing would be violative of the expressed intention of the testator. If another conclusion were arrived at, Paragraph Sixth and the first sentence in Paragraph Seventh would be meaningless.

In the first codicil of his will, the decedent bequeathed $1,000 to a niece, Carrie Fader Nolan, and in the second codicil revoked the bequest and stated " Second: I hereby give the aforesaid sum of One Thousand ($1,000) dollars to my son, George F. Lange." The special guardian lays great stress upon this provision in the second codicil. He contends that this bequest to George is indicative of an intent by the testator that possibly the entire fund would be used for the support of the incompetent son to the end that there would be no remainder estate for the son George F. Lange, and, accordingly, made provision for this in the second codicil. Equally persuasive, however, is the fact that the testator himself characterized the gift embodied in the seventh paragraph as a bequest and not as a trust or a gift on condition. The effect of this second paragraph in the second codicil is therefore rendered nugatory for present purposes. The testator would have obtained the same result if he had just revoked the bequest to Carrie Fader Nolan. Evidently he thought the $1,000 would not pass under Paragraph Seventh of this will, as he stated that he gave the " aforesaid " sum of $1,000 to his son George.

The court is of the opinion that the second paragraph of the second codicil does not change the testator's intent to make an absolute gift of the residuary to his son George and to leave nothing to his son Henry. If the special guardian's contentions were applied conceivably Henry would outlive George who would therefore never receive anything. This was definitely not the testator's intention.

Enter decree admitting the will and codicils to probate and in accordance herewith.