In the Matter of the Estate of CHARLES M. SPARACIO, Also Known as SALVATORE M. SPARACIO, Deceased. MARY SPARACIO, Appellant; EILEEN MAROSHICK, Respondent.

Second Department, March 13, 1978

**APPEARANCES OF COUNSEL**

*John G. Nicholas* for appellant.

*Herman M. Goldberg* for respondent.

**OPINION OF THE COURT**

COHALAN, J.

Charles M. Sparacio, a widower, died in Kings County, on

the fifth day of June, 1973, leaving a last will and testament that was thereafter duly admitted to probate. He left him surviving three adult children, two daughters and a son, all of whom he named as executors of his will, and as residuary legatees.

The will is a handwritten one, although it does not qualify as holographic. He dictated it to his daughter, Mary, in the presence of a legatee, Eileen Maroshick (Eileen); and Mary wrote it out in longhand.

The first two paragraphs of the four-paragraph will, dated April 22, 1970, are pertinent to our discussion. They read:

"I, Charles M. Sparacio, do hereby dispose of my properties as follows: after all my just debts and funeral expenses have been paid, I give, devise and bequeath my house at 506 Rugby Road together with its decorative contents to my daughter, Mary Sparacio. However, *it is my wish and desire* that my daughter and my friend, Eileen Maroshick, share in the retention of such contents as in their mutual agreement they decide.

"I also give, devise and bequeath to my daughter, Mary, my automobile, and to my friend, Eileen Maroshick, the sum of five thousand ($5,000.00) dollars, knowing that she will expend the same, but not mandating that she do so, in accordance with my eccentricities." (Emphasis supplied.)

Because of the verbiage used in the second sentence of the first paragraph, the son-executor petitioned the Surrogate's Court for a construction. After trying in vain to settle the matter amicably, the Surrogate conducted a hearing. In his decision he said: "The parties shall submit a list of those items included as 'decorative contents' to the Court. If they are unable to agree on a division, a Referee will be appointed to supervise a division by lot." It is from the decree entered on his decision that this appeal is taken.

We reverse and construe the second sentence of the first paragraph of the will as precatory and not mandatory in nature.

In the course of the testimony taken at the hearing, Mary (who was called to the stand by the respondent) testified that her father (the testator) said: "there may be some mementos that she [Eileen] might want, and he knew that she would ask me and I [Mary] would do the right thing."

Mary also testified that her father said to her: "He said,

'She'll ask you,' but I didn't pay much attention because I just assumed that anything she [Eileen] would want I would give her."

Eileen's position is that the testimony given by Mary manifests the clear intention of the deceased to make a gift to her of certain items in the house (see *Matter of Kosek,* 31 NY2d 475, 483).

On the other hand, Mary maintains, and we agree, that the disposition to the respondent must fail because it is couched in precatory and not declarative terms; and because it is too vague and indefinite for the court to effectuate.* Moreover, there is nothing in the record to indicate exactly what it was that Eileen wanted, nor is there any evidence that a demand or request was made by her to Mary for any specific items. And for some reason, known perhaps only to herself, Eileen did not take the stand at the hearing before the Surrogate.

At this point it is worthy of note that the testator in his lifetime was a professor of law; that he operated a well-known bar review or "cram course" attended annually by hundreds of hopeful aspirants to membership in the Bar; and that he was justly acclaimed as a practicing lawyer of wide renown. Among the phases of the law for which he prepared his students, the discussion of decedent's estates, wills and Surrogate's practice received an appropriate share of attention.

It is fair to assume that he was familiar with the leading cases wherein the term "wish and desire" was held to be precatory and not binding on the executor.

In *Post v Moore* (181 NY 15, 17), for example, the testator, at paragraph second of the will, devised and bequeathed his property to his wife and named her executrix. In paragraph fourth he said: "It is my wish and desire that my said wife shall pay the sum of three hundred dollars a year to my sister-in-law Miss Nellie Post."

In affirming a dismissal of the complaint in an action to construe the will, Judge O'BRIEN, writing for a unanimous court, noted (p 20) that:

"In Jarman on Wills (Vol. 1, p. 388) the principle that controls such cases is stated in these words:

---

* The Surrogate went astray in his decision when, at one point, he wrote: "Furthermore, the apparent qualification of the disposition is further modified by the imperative words that they 'shall share in the retention of such contents as in their *mutual agreement* they decide.'" (Emphasis supplied by the Surrogate.) It is noted that the word "shall" does not appear in the will.

" 'And where the words of a gift expressly point to the *absolute* enjoyment by the donee himself the natural construction of subsequent precatory words is that they express the testator's belief or wish without imposing a trust.' " (Emphasis in original.)

In *Tillman v Ogren* (227 NY 495, 496), Anna C. Erickson left her residuary estate to her husband Lars "with the understanding that at the decease of the said Lars Erickson all of the estate which he shall derive under this will which shall then remain by him undisposed of he shall give and turn over to my sister Amanda Tillman."

Of this understanding, the high court said (p 503): "It cannot be disputed that at the time she made her will it was her wish and desire that her husband should give what remained of such rest and residue of her property undisposed of at the time of his death to her sister. Did she intend to do more than express such wish and desire? If she had intended to qualify and limit the gift to her husband to a life estate with the right to use so much of the principal thereof as he should choose during his life, she should have provided in the will for such limitation in as plain and clear terms as she had used in giving him such rest and residue".

And, in *Clay v Wood* (153 NY 134, 135), the testator, after leaving his estate, minus a few legacies, to his wife, added: "And it is my desire and request that my said wife do sustain, provide for and educate Lucretia M. Wood, the daughter of my said adopted daughter".

There, it was held that the wife took an absolute gift, that such gift was not qualified by the subsequent precatory clause, and hence that no trust or power in trust, in favor of Lucretia had been granted thereby (see, also, for like holdings, *Foose v Whitmore,* 82 NY 405; *Clarke v Leupp,* 88 NY 228; *Lawrence v Cooke,* 104 NY 632; *Matter of Barney,* 207 App Div 25, affd 239 NY 584 and *Matter of Burch,* 152 Misc 387, affd 243 App Div 663).

Harking back for a moment to the second paragraph of the will, we note that the testator said: "I also give, devise and bequeath * * * to my friend, Eileen Maroshick, the sum of five thousand ($5,000.00) dollars".

If he had really wanted Eileen to have some or all of the decorative contents of the house, he could have said so in the same unmistakable terms he employed in the pecuniary be-

quest. The logical inference is that he knew his words were precatory, or else, as Horace wrote: "Homer himself hath been observed to nod."

The general principle enunciated in the cases cited above was succinctly worded by Surrogate BOYLAN in *Matter of Lange* (206 Misc 81, 82). He wrote: "It is a well-established rule that where there is an absolute gift of real or personal property, in order to qualify it or cut it down, the latter part of the will should show equally clear intention to do so by use of words definite in their meaning and by expressions which must be regarded as imperative."

We have no quarrel with the cases cited in the brief of the legatee respondent and those included in the opinion of the Surrogate. Suffice it to say that no one of them is based on the language, the general form of the will and the surrounding circumstances of the testator as are currently at bar, and no one of them enunciates general principles at variance with those herein discussed.

DAMIANI, J. P., RABIN and HAWKINS, JJ., concur.

Decree of the Surrogate's Court, Kings County, dated October 13, 1976, reversed, on the law and the facts, with costs to all parties filing briefs payable out of the estate, and the second sentence of the first paragraph of the will in question is construed to be precatory and not binding on the executors.