OPINION OF THE COURT
Norman C. Ryp, J.
Petitioner United States Trust Company of New York seeks judicial settlement and allowance of its final account of proceedings and related relief, including construction of a certain portion of the trust indenture.
No objections have been made to the account; therefore, it is judicially settled and allowed as presented. The fee for the attorneys for the petitioner shall be considered and fixed in the order to be settled herein. Annual income, principal and paying commissions due petitioner are allowed in the amount of $1,669.49. Petitioner’s disbursements in the sum of $75 are allowed.
The settlor received the income from the subject trust for life. His wife was the secondary income beneficiary. After her death in 1979, the trust terminated, and by the terms of the trust “the Trustee shall convey and deliver all property then belonging to the principal of said trust absolutely to New York University of New York, N. Y. to be applied in its sole and uncontrolled discretion for the general purposes of its College of Engineering, with the *1069 request however that it be used for the creation and maintenance of scholarships of approximately $1,000 per year, to be known as the Leroy A. and Howard S. Van Bomel Scholarships and to be granted to worthy white Christian students in said College of Engineering.”
New York University has discontinued its College of Engineering due to budgetary problems. It operates an engineering program in conjunction with Cooper Union School of Engineering. This program is administered by New York University’s Department of Applied Science. Therefore, literal compliance with this facet of the bequest is impossible.
New York University has appeared in this proceeding, praying for the application of the doctrine of cy pres so that the money may be used for scholarships for worthy students enrolled in the Department of Applied Science without regard to race or creed. It argues that the restrictions placed upon the gift by the creator would make the school’s acceptance of the gift with these restrictions intact violative of the school’s charter as well as State and Federal law. The Attorney-General has joined in the university’s prayer.
Considering the problem posed by the racial and religious restrictions first, it appears to this court that the entire request that the money be used for scholarship purposes — including the restrictions on potential recipients — is precatory only. The trust indenture is quite well drafted. Taking the instrument as a whole, it appears a gift absolute was intended. (See, generally, Matter of Sparacio, 61 AD2d 486, and the cases cited therein.) In short, New York University may apply the gift free of the conditions which it finds abhorrent. This court believes that this result is consonant with public policy and judicial precedent. (Education Law, §313; Executive Law, §296, subd 4.)
This court is persuaded also that such a construction will not do violence to the settlor’s intent. It is obvious from the evidence submitted by the university that Mr. Van Bomel had long been active in New York University fund raising affairs, contributing substantial funds of his own and obtaining large contributions from others for the benefit *1070 of general university interests and purposes. At various times, Mr. Van Bomel was a member of the board of trustees of the university; a trustee emeritus; a member of the executive committee; and a member of the university’s board of development. From the wording of his bequest as quoted, and the aforesaid indications of Mr. Van Bomel’s interest in the general affairs of the university, it seems manifest that he would prefer that the university take the funds free of the proposed restrictions rather than have the school lose the benefit of his generosity entirely. (Cf. Matter of Syracuse Univ. [Heffron], 3 NY2d 665; EPTL 8-1.1, subd [c].)
This leaves for consideration the question of whether the doctrine of cy pres may properly be applied so as to permit the scholarship fund proposed for the now defunct School of Engineering to be used for the benefit of students in attendance in the Department of Applied Science. Some of the same considerations discussed regarding the restrictions also apply in this context. Though it is clear that the settlor wanted the funds to be used for the benefit of students following an engineering course of study at the university, according to the affidavit submitted by the vice-president for academic affairs, the Department of Applied Science now fills many of the “general purposes” of the College of Engineering as envisaged by the settlor.
Under the circumstances, the application of the doctrine of cy pres is appropriate. (Matter of Kittinger, 6 Misc 2d 125; EPTL 8-1.1, subd [c].) Such application is clearly preferable to allowing the bequest to lapse, particularly in the absence of a “gift over”. (See, generally, Matter of McCarthy, 49 AD2d 204.)
Respondent university has directed the attention of the court to the case of Attorney General v President & Fellows of Harvard Coll. (350 Mass 125) which deals with some of the considerations applicable to charitable gifts to a particular department of a university. The conclusions of the Massachusetts court (supra, pp 137-138) are of some relevance here. “There is a dominant public interest that public charitable trusts in private educational hands be so managed under the particular trust provisions as to be of maximum usefulness, thus serving to the greatest possible *1071 extent the public as the ultimate beneficiary. In the light of this, in a gift to a university of trust funds to create a specific subdivision of scientific or cultural activity of the university (that is, broadly, a department), there is, we think, an implied intention that the managers of the university shall determine in their best judgment what policies, in respect of that department, within the express trust purposes, will give that department and the trust assets used therein their greatest usefulness. Certainly it is implied that to such end the managers may decide to correlate the activities of the department with the overall policies of related departments, provided all applicable restrictions are regarded, and the trust assets are used advantageously for the specific purposes of the trust.” In view of the foregoing, this court exercises its cy pres powers and construes the provisions of the indenture pertaining to the disposition of the trust remainder after the decease of the settlor’s wife as permitting the trust principal to be applied by New York University for the general purposes of its Department of Applied Science, with the recommendation that it be used for the creation and maintenance of scholarships of approximately $1,000 per year to be known as the Leroy A. and Howard S. Van Bomel Scholarships to be granted to highly qualified students in the Department of Applied Science regardless of race, creed, or color of the recipient.